## Wapples's Appeal.

1. A testator gave "for the sole use and benefit of the First Presbyterian Church in the borough of Northumberland," certain stocks, " and that my executors shall sell" them, and when " sold by my executors they shall loan the proceeds * * * only on undoubted bond and mortgage security; the period the loan is to run I leave discretionary with my executors, that is with the consent of the pastor and ruling elders of said church ; and that my executors shall have written out the bond and mortgage made payable to and in the name of the ruling elders as aforesaid in office in trust for the First Presbyterian Church, (&c.), in office for ever;" the interest " shall be expressly applied by the elders aforesaid to so much salary due to the pastor, &c., for ever." In an action to recover the fund which had been lent in the name of the executors on mortgage in Centre county, a dispute having arisen between the ruling elders and the executors as to the party entitled to it, the Court of Common Pleas of Centre county, on application of the mortgagor, allowed him to pay the amount into court, and directed satisfaction to be entered on the mortgage. *Held* to be correct.

2. The testator at his death and the executor resided in Northumberland, and letters testamentary were granted there, &c. *Held*, that the Court of Common Pleas of Centre had no jurisdiction over the executor or the fund, and could not direct its investment in the name and for the benefit of " The First Presbyterian Church of Northumberland."

3. The executors being trustees *ratione officii*, were amenable to the Orphans' Court of Northumberland.

4. Although executors are appointed trustees by name, the Court of Common Pleas and Orphans' Court have concurrent jurisdiction.

5. Acts of June 14th 1836, sect. 15, and April 7th 1859 (Trustees), construed.

6. Brown's Appeal, 2 Jones 333 ; Wheatley *v.* Badger, 7 Barr 459, remarked on.

May 20th 1873.　Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Appeal from the Court of Common Pleas of *Centre county:* No. 5, to May Term 1873.

The proceedings in this case arose under the will of John Porter, of the borough of Northumberland, in the county of Northumberland, deceased.

The will was dated November 19th, 1850; the testator died in March 1851. The will was proved in Northumberland county, on the 24th of the same month, and letters testamentary granted to David Brantigam and William H. Wapples, the executors named in it.

Amongst other things, the will made the following bequest:—

" I give and bequeath, for the sole use and benefit of the First Presbyterian Church or Congregation in the borough of Northumberland, which shall be held in trust for the sole benefit and use of the aforesaid church or congregation in manner, as hereafter described for ever, to wit: forty shares of the capital stock of the Farmers' and Mechanics' Bank, located in the city of Philadelphia; eight shares of the capital stock of the Bank of North America, located in the city of Philadelphia; thirty-five shares of the

capital stock of the Bank of Kentucky, located in the state of Kentucky; and thirty-three shares of the capital stock of the Bank of Northumberland. And that my executors hereafter mentioned, shall dispose of and sell all of the aforesaid bank stock as aforesaid recited, to the best advantage, at any time within the period of one year after my death, and that when disposed of, sold by, my executors, they shall loan the proceeds of the sale of the aforesaid bank stock to one or more persons, only on undoubted bond and mortgage security, on real estate. The interest to be paid semi-annually as hereafter described. The period of time that the loan as aforesaid shall run, I leave discretionary with my executors, that is with the consent of the pastor of the said church or congregation (if there be such at the time) and ruling elders of said church or congregation. And that my executors shall have written out the bond and mortgage, made payable to and in the name of the ruling elders, as aforesaid in office in trust for the First Presbyterian Church or Congregation of Northumberland, in office for ever. And the interest thus falling due and payable on said loan of bond and mortgage, shall be paid semi-annually by the mortgagor, to the ruling elders in office of the aforesaid church and congregation, and their successors in office for ever. And further, that the said interest thus falling due and payable as aforesaid semi-annually on bond and mortgage as aforesaid, shall be *expressly* applied by the elders, as aforesaid, as so much salary due to the pastor for the time being, of the First Presbyterian Church and Congregation in Northumberland, semi-annually, for ever."

On the 6th of December 1871, the following petition was presented to the Court of Common Pleas of Centre county:—

"The petition of William Foster and Mark Halfpenny, executors, &c., of Robert M. Foster, late of Harris township, deceased, and William Foster, of said township, in his own right, respectfully represents: That the said Robert M. Foster and William Foster, on the 23d day of October, A. D. 1861, executed their bond and mortgage to William H. Wapples and Daniel Brantigam, executors of the last will and testament of John Porter, late of Northumberland county, Pa., deceased, in the penal sum of seventeen thousand six hundred and fifty-four dollars, conditioned for the payment of the sum of eight thousand eight hundred and twenty-seven dollars, on the 23d day of October 1871, with interest thereon semi-annually to the ruling elders of the First Presbyterian Church in the borough of Northumberland, by them to be appropriated according to the intent, terms and directions of the last will and testament of the said decedent, reference, &c.

"That your petitioners have paid the interest on said mortgage, in full, up to October 23d 1871, leaving due from your petitioners the principal sum of eight thousand eight hundred and twenty-

seven dollars, with interest from October 23d 1871, to December 5th 1871, which is sixty-one dollars and seventy-nine cents, making the whole amount due from your petitioners, principal and interest, the sum of eight thousand eight hundred and eighty-eight dollars and seventy-nine cents. That there has a dispute arisen between Wm. H. Wapples, the surviving executor of the said John Porter, deceased, and the ruling elders of the Presbyterian Church of Northumberland, as to whom this said money or fund rightfully and legally belongs, and to whom the same should be paid, and written notices have been served on your petitioners by the said Wm. H. Wapples and the said ruling elders as aforesaid, both claiming this money, and the said Wm. H. Wapples, surviving executor of John Porter, deceased, has instituted a suit in the Court of Common Pleas of Centre county, to No. —, November T. 1871, against your petitioners for the recovery of the amount due on said bond. As your petitioners do not know, in view of these facts, who is entitled to receive the money and to whom the same should be legally paid, would ask leave of the court to pay the aforesaid sum of eight thousand eight hundred and eighty-eight dollars and seventy-nine cents, the amount due on said bond and mortgage, into court, and that said court will order and direct the recorder of mortgages in and for Centre county, to enter satisfaction on said mortgage, and also to direct the prothonotary of Centre county, to discontinue the aforesaid suit against your petitioners and to make such further disposition in the premises as your Honors shall deem fit and proper."

The executor, Wapples, protested against the application, for reasons set out in a paper filed by him.

On this petition the court on the 22d of January 1872 granted a rule upon William H. Wapples, surviving executor, &c., to show cause "why the money paid into court in this proceeding should not be paid over to the Ruling Elders of the First Presbyterian Church of Northumberland, for investment under and in accordance with the provisions of the will of the said John Porter, deceased.

On the 1st February 1872, the court made the following decree : " It appearing to the court that there are objections to the claim of the mortgagees named in the within-recited mortgage, leave is given to the mortgagors to pay into court the sum of eight thousand nine hundred and seventy-one 75-100 dollars, being the amount claimed on said mortgage, and it is ordered and decreed that satisfaction shall be entered upon said mortgage by the recorder of Centre county."

On the 22d of February 1872, the court (Mayer, P. J.), decreed that the money paid into court " shall be invested in real estate security, to be approved by the court or a judge thereof. The said security to consist of a bond and a mortgage drawn in the

name of and payable to ' The First Presbyterian Church of Northumberland,' Pennsylvania, the interest on said sum so invested to be payable semi-annually to the ruling elders of the said 'First Presbyterian Church' and their successors in office for ever, to be by them appropriated according to the terms and direction contained in the last will and testament of John Porter, deceased.''

The executor, Wapples, appealed to the Supreme Court and assigned for error:

1. Allowing the amount of the mortgage to be paid into court and ordering satisfaction to be entered on the record.

2. Not ordering the money to be paid to the surviving mortgagee.

3. Ordering the money paid into court to be invested as set out in the decree.

*J. W. Comly* (with whom were *W. I. Greenough* and *E. & E. Blanchard*), for appellant.—The proceeding to pay the mortgage-money into court, &c., should be in equity: Act of April 3d 1851, sect. 14, Pamph. L. 871, 1 Br. Purd. 481, pl. 118. The surviving executor was trustee of the fund and entitled to it: Tyson's Appeal, 3 Barr 363. The jurisdiction over the fund was in the courts of Northumberland county: Brown's Appeal, 2 Jones 333.

There was no paper-book or argument on the other side. *J. H. Orvis* and *J. A. Beaver* were of counsel with the appellees.

The opinion of the court was delivered, July 2d 1873, by

MERCUR, J.—We see no error in permitting the mortgagors to pay into court the amount due upon the mortgage, and in ordering satisfaction to be entered upon the mortgage. The sum paid was the full amount claimed by the appellant, and he was in no wise prejudiced by its payment.

When, however, the court went further; when, against the protest of the mortgagee, the court ordered the money to be invested in the name, and for the benefit of a third party, it exceeded its powers. It had no such jurisdiction over the trustee, nor over the fund.

The appellant was the surviving executor and trustee under the will of John Porter, at the time of the execution of said will, and at the death of the testator, he and the executors were residents of the county of Northumberland. The church for whose use and benefit the fund was devised, then was and still is in the same county. The will was proved in said county, and letters testamentary thereon were granted by the register thereof. The Orphans' Court of Northumberland county thereby acquired jurisdiction of their accounts. The executors were made trustees *ratione officii* and not *nominatim*. It was a trust annexed to the office of executor, which they accepted by taking letters testa-

mentary, and are bound as executors to fulfil. They are amenable to the Orphans' Court as executors for the non-performance of that, as well as of other trusts imposed by the will: Innes' Estate, 4 Whart. 184.

The 15th section of the Act of 14th June 1836, Purd. Dig. 1417, pl. 15, which gives to the Courts of Common Pleas jurisdiction in cases of trust therein mentioned, not only restricts its exercise to "the Court of Common Pleas of the county in which any such trustee shall have resided at the commencement of the trust," but it further provides, "that nothing therein contained shall extend to trusts created by will or vested in executors or administrators, either by the words of the will, or by the provisions or operations of law, whenever such executors or administrators are by the existing laws amenable to the Orphans' Court."

In Wheatly *v.* Badger, 7 Barr 459, it was held, that where the will constitutes the executor a trustee, by *name*, and not *virtute officii*, the Orphans' Court had no jurisdiction over the trust. But in Brown's Appeal, 2 Jones 333, that decision was overruled, and it was held, that although the trustees are appointed *nominatim*, yet the Orphans' Court had concurrent jurisdiction with the Common Pleas in cases of testamentary trusts; that the object of the statute of 14th June 1836, was to *give* power to the Common Pleas, and not *to take* it from the Orphans' Court. It gives to the Common Pleas concurrent jurisdiction, except in cases where, by the proviso. jurisdiction is saved exclusively to the Orphans' Court: Scibert's Appeal, 7 Harris 53. Where the testamentary trust is given to the executors *virtute officii*, jurisdiction is exclusively in the Orphans' Court: Innes' Estate, *supra;* Brown's Appeal, *supra;* Scibert's Appeal, *supra.* Since the last of these decisions was made, the first section of the Act of 7th April 1859, Purd. Dig. 1423, pl. 54, has given to the Orphans' Courts of the several counties of this Commonwealth, full power and authority in all cases of trust derived under or created by any last will and testament, whether vested in executors or trustees, to dismiss such trustees from office, when there has been waste or mismanagement in the administration of said trust, or whenever the trustees shall fail or neglect to pay over the principal or income of the trust funds according to their duty under their several trusts, or fail to comply with any order of said courts in relation to said trusts; and shall further have power to make all orders for the securities and moneys belonging to said trusts.

The will of John Porter directs, " that my executors hereafter mentioned shall dispose of and sell all of the aforesaid bank stock;" and " when disposed of, sold by, my executors, they shall loan the proceeds," and that " my executors shall have written out the bond and mortgage." Thus, every act which the testator directed to be performed for the purpose of passing this fund over to the

ruling elders for the use and benefit of the church, was to be per
formed by the executors *virtute officii.* Hence, it follows, that
even the Court of Common Pleas of Northumberland county,
where the executor resided, had no jurisdiction over this trust fund,
and still less authority is there for the Court of Common Pleas of
Centre county assuming its exercise.

The learned judge, therefore, erred in taking the funds out of
the control of the appellant, and directing their investment. The
rights of the several claimants to this fund must be settled in and
through the Orphans' Court of Northumberland county. There
the appellant must settle his stewardship. To enable him to do
this the fund must be restored to him. This disposition of the case
makes it unnecessary to consider the other assignments of error.

This cause came on for hearing on an appeal from the
order of the Court of Common Pleas of Centre county,
and was argued by counsel at Harrisburg, and now, July
2d 1873, on mature consideration thereof, it is ordered,
adjudged and decreed, that the said order of the Common
Pleas, permitting the ruling elders of the First Presby-
terian Church of Northumberland, to take the said sum
of $8971.75 out of court, and directing its investment,
be reversed and set aside, and that the rule granted
to said elders be dismissed at their costs. And it is
further ordered that the said trust fund be paid over to
the appellant, and the costs of this appeal be paid out of
the same; and the cause is remanded to the said Common
Pleas with directions to carry this decree into execution.

SHARSWOOD and WILLIAMS, JJ., dissented.