# Strite, Trustee, *v.* Wolf, Appellant.

*Trusts and trustees—Sale of real estate—Administrator d. b. n. c. t. a.—Proper person to make sale.*

1. The substituted trustee and not the administrators d. b. n. c t. a. is the proper person to make a sale of the real estate as directed by the will where the testator created an express trust and devised the estate to the same person named as executor and trustee to hold, manage, sell and dispose of the same and the executor had performed his functions as executor and filed his account as trustee and was discharged and the court appointed a trustee in his place.

2. Trust duties imposed upon an executor including power of sale for distribution, may pass to the administrator c. t. a. but not where such duties have been specifically committed to a testamentary trustee.

Gehr v. McDowell, 206 Pa. 100, followed.

Argued May 25, 1920. Appeal, No. 37, Jan. T., 1921, by defendant, from judgment of C. P. Franklin Co., Feb. T., 1920, No. 110, for plaintiff, in case of J. A. Strite, trustee under will of John Lortz, deceased, v. H. G. Wolf. Before Brown, C. J., Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Amicable action in assumpsit on case-stated to determine right of trustee to convey real estate. Before Gillan, P. J.

The court entered judgment in favor of plaintiff, the trustee, in the sum of $7,200 and costs. Defendant appealed.

*Error assigned* was above judgment, quoting it.

*Albert Strite,* for appellant.—The sale should be made by the administrator d. b. n. c. t. a.: Bayard v. Farmers & Mechanics Bank, 52 Pa. 232; Potts v. Breneman, 182 Pa. 295; Evans v. Chew, 71 Pa. 47; Bell's App., 66 Pa. 498; Lantz v. Boyer, 81 Pa. 325; Jackman v. Delafield,

85 Pa. 381; Livingood v. Heffner, 21 W. N. C. 148; Pugh's Est., 17 Phila. 509; Olwine's App., 4 W. & S. 492; Com. v. Barnitz, 9 W. 252; Meredith's Est., 1 Parson's Eq. 433; Dorff's App., 10 W. N. C. 336.

A power to sell real estate for the purpose of distribution is exercised by the executor virtute officii and descends to the administrator d. b. n. c. t. a.: Potts v. Breneman, 182 Pa. 295; Evans v. Chew, 71 Pa. 47; Bell's App., 66 Pa. 498; Lantz v. Boyer, 81 Pa. 325; Jackman v. Delafield, 85 Pa. 381; Livingood v. Heffner, 21 W. N. C. 148.

*J. A. Strite,* for appellee, cited: Gehr v. McDowell, 206 Pa. 100; Sheaffer's Est., 230 Pa. 426, 431.

OPINION BY MR. JUSTICE WALLING, June 26, 1920:

This is an amicable action of assumpsit, on a case-stated, to determine the right of a testamentary trustee to convey real estate. John Lortz, late of the Borough of Chambersburg, died testate in 1904, and his last will provides, inter alia:

"I give, devise and bequeath to my executor hereinafter named, who is hereby appointed trustee as well, for the purposes hereinafter expressed, his heirs and assigns, all the entire residue of my estate, real, personal and mixed, and wheresoever situate, in trust, to manage, direct and control the same, and to dispose of the same as I now direct, that is to say, to sell and convey at such times and upon such terms as he may deem advantageous all my unimproved lots of ground in Chambersburg, and also the stable property located on the public alley between Main and Second Streets and which I purchased from Mrs. Senseny. And to invest all monies realized from the sale of my real estate as aforesaid, together with all that remains of my personal estate after payment of debts, legacies and expenses, in good interest bearing securities.

"I desire that none of my real estate, except the above described, shall be sold during the lifetime of my wife, but that it be managed by my executor and trustee so that it be kept in good condition and repair. And I direct that the entire net income derived from my estate be paid over by my said executor and trustee to my said wife, Annie V. Lortz, from year to year during her natural life.

"At the death of my said wife I direct that all my remaining real estate shall be sold by my executor and trustee, and all my estate of every kind be converted, and disposed of as follows:—I give and bequeath, and direct its payment in the manner hereinafter expressed, to Wilson Female College, a corporation chartered under the laws of Pennsylvania, for the education of Women, and located at Chambersburg, Penna., the sum of Thirty Thousand Dollars ($30,000), the same to be used and expended by the Board of Trustees of said College in the erection and equipment of a building, at some suitable and convenient place on ground belonging to the College, adapted to the instruction of youth in the natural sciences, to which use said building is to be devoted, not however to the exclusion of any other use for which said building can be made available, to the advantage of the college. The said sum of Thirty Thousand Dollars ($30,000) to be paid over to the Board of Trustees of said Wilson Female College, or to such person as they may appoint, only as the work of erecting said building shall progress, and in such amounts and at such times as will best secure its full completion and necessary equipment."

Then follows a bequest of the entire residue of the estate to the college, as a perpetual fund to maintain the building and its equipment; and the final clause is: "And of this my last will and testament I do hereby appoint my friend John Stewart of Chambersburg, Penna., sole executor, and constitute him trustee thereunder."

Judge STEWART accepted the appointment, settled the estate and filed a final account as executor in the spring of 1905, and an account as trustee in the fall of the same year; when, on his petition, he was discharged finally as executor and trustee. Thereupon the orphans' court appointed W. J. Zacharias, Esq., as trustee under the will, and he acted as such until 1910, when he was succeeded by the present appellee. The widow died in January, 1919, and, thereafter, J. R. Ruthrauff and George H. Bartle, two trustees of the college, were granted letters of administration d. b. n. c. t. a. on the estate of John Lortz. The college has not yet commenced the erection of the building, although its legacies under the will are valued at about $50,000. After the death of the widow the plaintiff trustee made a contract with defendant to sell him certain land of the estate at Chambersburg and tendered him a deed therefor, which he declined to accept on the contention that the trustee was without power of sale. After argument, and upon due consideration, the court below filed an exhaustive opinion, holding that the trustee's deed conveyed a good title, and entered judgment for the plaintiff on the case-stated; from which defendant brought this appeal.

The decision was right. To carry out the testamentary intent of securing to his widow the net income for life, while preserving the estate intact for the college as ultimate beneficiary, testator created an express trust and appointed a trustee, in whom the legal title vested for the purposes of the trust. The same person was named and referred to in the dual capacity of executor and trustee, but the duties appertaining to each were not blended thereby. As executor he settled the estate and then turned over the property to the trustee, who has since had charge thereof in the performance of his duties. The trustee appointed by the court took the place of the one named in the will and holds the legal title which vested in the original trustee, with the rights and duties thereunto belonging. True, it was devised to Judge

STEWART as executor and trustee, but the title under the trust vested in him in the latter capacity; if not, then in whom was the title during the fourteen years when there was no executor or administrator? It would be strange that the title to land devised in trust should vest in the executor and not in the trustee, merely because the same person was named as both; and, if the title vested in the trustee, as it undoubtedly did, it would be equally strange that the administrator c. t. a. and not the trustee should be the one to execute the power of sale of the real estate so held in trust. The will not only creates an express trust, but provides for the performance of trust duties, making investments, management of real estate, collection of rents, paying over net income, etc. As the will directs a sale of the real estate at the death of the widow, there remains the implied trust duty of investing the proceeds until they can be transferred to the college under the terms of the will; and the manner of such transfer is one permitting the exercise of a reasonable discretion. Should the administrators c. t. a. sell the real estate they could properly do naught with the proceeds but turn them over to the trustee, who holds the balance of the estate, or invest the same until ripe for distribution, and the latter would be the duty of a trustee. The trust was created, inter alia, to hold, manage and finally sell the real estate and the duty of so doing devolves upon the trustee.

An administrator c. t. a. may undoubtedly execute the power of sale conferred upon the executor, but the creation of an active trust and the naming of a trustee take this case out of that rule. Trust duties imposed upon an executor, including power of sale for distribution, may pass to the administrator c. t. a. but not where as here such duties have been specifically committed to a testamentary trustee.

This case is governed by Gehr v. McDowell, 206 Pa. 101, the controlling facts being similar, and it is there held, as stated in the syllabus: "Where a testator has

given to his executors powers to manage and sell his estate as trustees, and after the executors have performed all their functions as executors and have died, and the court has appointed a trustee of the estate, the trustee, and not an administrator d. b. n. c. t. a. is the proper person to make a sale of the real estate as directed by the will." That case is in harmony with Ebert's and Barnitz's Appeal, 9 Watts 301; Ross v. Barclay, 18 Pa. 179, and is cited with approval in Sheaffer's Est., 230 Pa. 426, 431. The industry of able counsel has brought to our attention numerous authorities, but none that attempts to change or modify the rule as stated in Gehr v. McDowell, supra.

In the language of the court below, "We conclude, therefore, that, under the express terms of testator's will, the duties to be performed after the payment of the debts and the legacies payable in the lifetime of the widow were to be performed by the trustee, and under the authority of Gehr v. McDowell, with the performance of these duties the administrators c. t. a. had nothing to do, and are without authority to convey the real estate in question; that the deed by J. A. Strite, trustee under the power contained in the will of said John Lortz, and by virtue of his appointment by the orphans' court, conveys a good and sufficient fee simple title to the real estate in question."

The judgment is affirmed.