## Vansant, et al. v. Spillman, Trustee, etc., et al.

(Decided February 17, 1922.)

### Appeal from Boyle Circuit Court.

1. Trusts—Management and Disposal of Trust Property.—Under the provisions of section 4706 of the statute, a trustee is authorized to invest the trust funds in his hands in real estate, and under the provisions of section 707 he may sell such real estate for reinvestment unless prohibited by section 4708, which is declaratory of the common law rule, denying such investment or sale where the provisions of the will, deed or other instrument creating the trust and under which the trust property is held, expressly or by necessary implication withholds such power.

2. Trusts—Management and Disposal of Trust Property.—The power given to a trustee to sell the trust property may be express, or it may be implied from the conditions of the trust or the necessity of a sale to effectuate the trust, or when it is evident that the settlor intended that the trustee should be clothed with the power to sell. And where the instrument creating the trust directs the fund to be paid to and "held, managed and controlled" by the trustee for the use and benefit of his cestui qui trust, a life tenant, and further directs that the trustee may pay to the beneficiary "the whole or any part of said trust funds," the power to sell the trust property, even though it be real estate, is implied.

3. Trusts—Management and Disposal of Trust Property.—Where the trustee loaned the trust funds on real estate security, but instead of taking a mortgage procured a conveyance of the land to himself and agreed in writing at the time to reconvey it to the borrower upon the payment of the debt at an agreed time, he can legally execute a reconveyance of the land independent of other conditions, since the transaction in that case was in effect only a mortgage, and the trustee has the right to perform all acts necessary to release the lien.

CHAS. H. RODES and NELSON D. RODES for appellants.

CHAS. E. RANKIN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee, James Spillman, under the will of his father, C. J. Spillman, was made the trustee of his sister, Sallie Bolton, who joined him as plaintiff in this action, and there came into his hands as such trustee about $7,500.00. In March, 1910, Mrs. Medora E. Vansant, a sister of the trustee and of his *cestui qui trust*, and her son, Charles S. Vansant, purchased a tract of land in Boyle county agreeing to pay therefor $30,206.31, $10,206.31 of which was to be paid in cash, with the other $20,000.00 evidenced by notes with a lien upon the land to secure them. They lacked $3,416.66 of having enough money to make the cash payment and they applied to the trustee to borrow that amount of the trust fund in his hands. An agreement was reached for the advancement of the money, but to avoid taking a second lien upon the land the parties agreed that it might be conveyed to the two Vansants and the trustee equally and jointly, and at the same time the trustee executed a writing to the other two joint vendees in which it was agreed that twelve months thereafter they would pay to him the amount of the borrowed trust fund and that he

would thereupon execute to them a deed for the one-third undivided interest in the land conveyed to him. The time for the consummation of that agreement was postponed from time to time until it was finally fixed at July 1, 1920. At that time the trustee prepared and executed a deed in accordance with his agreement and tendered it to the Vansants and demanded of them payment of the borrowed amount of $3,416.66 with unpaid interest, but they declined to pay any sum or to accept the deed upon the sole ground that the trustee was without authority to make the conveyance. Thereupon this action was filed in the Boyle circuit court by the trustee and his *cestui qui trust* as plaintiffs against the two Vansants as defendants alleging the above facts and incorporating in the petition a copy of the will of C. J. Spillman, and praying that defendants be adjudged to perform the contract by accepting the deed and paying the money. The joint answer of defendants admitted the facts and expressed their willingness to pay the money and perform the contract, but denied the legal authority of the trustee to execute the deed, and upon final submission the prayer of the petition was sustained and a decree for specific performance was entered and defendants appeal.

We think there can be no doubt of the propriety of the judgment. So much of section 4706 of the Kentucky Statutes as is relevant to the question before us says: "That it shall be lawful for persons or corporations holding funds in a fiduciary capacity for loan or investment, to invest the same in real estate, mortgage notes or bonds, or in such other interest bearing or dividend paying securities as are regarded by prudent business men as safe investments, and to make loans with such securities as collateral;" and the relevant portion of section 4707 says: "All persons or corporations holding stocks, bonds or other securities, in a fiduciary capacity for loan or investment, shall have power to sell and transfer the same whenever in the judgment of such fiduciary such sale will benefit the trust estate, and reinvest the proceeds as in section 4706 of this chapter authorized." Section 4708 provides that the two preceding sections shall not apply where to do so would "conflict with the provisions of the will, deed or other instrument creating the trust, or under which the funds or property may be held."

The will directs that Mrs. Bolton's portion in the estate of her father "shall be paid to and be held, man-

aged and controlled by my son, James Spillman, for the use and benefit of said Sallie Bolton during her natural life, her estate therein to be a life estate, but the trustee or his succcssor, mediate or immediate in the trusteeship, and for which provision is hereafter made, may in his discretion, and which is unrestricted, pay to and for her the whole or any part of said trust funds, and without further accountability therefor. At her death the issue, if any, of said Sallie Bolton, surviving her to take whatever of said trust funds remain in the hands of the trustee, and also whatever thereof may be left unconsumed in the hands of said Sallie, but if she dies without issue, to be divided equally between my children surviving her, and the surviving issue, if any, of my deceased child or children, such issue shall take by representation of the parent.''

There is no language found in the entire will, expressly or by implication, forbidding a sale by the trustee of any of the trust property or any securities in which it might be invested by him, contrary to the provisions of the first two sections, *supra,* of the statute, but on the contrary, as we shall subsequently see, the above excerpt from the will confers upon the trustee, by implication at least, the power to make the sale here involved. It will be observed that the trustee is to hold, manage and control the trust property for the benefit of his sister during her natural life and that he "may in his discretion, and which is unrestricted, pay to and for her the whole or any part of said trust funds, and without further accountability therefor." These directions could not be exercised by the trustee without power in him to convert the fund into cash, and it is well settled that whatever authority it is necessary for the trustee to possess, in order to carry out the directions of the creator of the trust, is given him by implication, unless there be other language in the instrument creating the trust clearly indicating a contrary intention. Illustrative cases from this court are: Luxon, etc. v. Wilgus, etc., 7 Bush 205; First National Bank of Carlisle v. Lee, Trustee, etc., 23 Ky. L. R. 1897, and Vickers v. Vickers, Trustee, et al., 189 Ky. 323.

But, independently of the statute and of the terms of the will creating the trust, there exists in this case another reason why the trustee had authority to and could legally execute the deed involved here and demand the

payment by defendants of that part of the trust fund advanced to them. It is perfectly manifest that the arrangement under which the trustee was conveyed a one-third interest in the land did not constitute a purchase by him of that interest in it, but it was only for the purpose of securing to him the amount of the trust funds loaned by him to defendants. In other words, the whole transaction was in effect and in law the creation of a lien on the land for the payment of the loaned trust funds. It was but a method adopted by the parties to secure the trustee in the payment of that sum and was, in substance, the same as if the vendor of the land had taken the note of the Vansants for that amount and transferred it to the trustee. No one would contend that the trustee could hold title to a one-third interest in the land against the true purchasers, upon the ground that the arrangement constituted a purchase by him, any more than could one who was not a fiduciary claim such interest under the circumstances. Whatever, therefore, was necessary to release that lien upon the payment of the debt the trustee had the right to do, and since the security took the form, under the arrangement of the parties, of an absolute deed the trustee had the right to release his encumbrance on the land in such manner as the contract between the parties required to effectuate it.

It, therefore, follows that there is no error in the judgment, and it is accordingly affirmed.