## Beeler et al. v. Fidelity & Columbia Trust Co. et al.

Feb. 23, 1943.

John C. Wickliffe, Jr., for appellant Beeler.

Norris McPherson for Hite.

Davis W. Edwards for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

W. C. Hite died testate in the year 1882, a citizen and resident of Jefferson county, Kentucky. He willed his entire estate to his trustees and executors for the use and benefit of the devisees named therein, and further provided that there shall always be two trustees and in the event of a vacancy in the trusteeship the county court shall fill such vacancy by appointment of another or other trustees who shall have all the power and authority given the original trustees appointed in the will. Certain vacancies occurred from time to time which were filled by appointment by the county court, and the Fidelity and Columbia Trust Company and J. Bond Winston, appellees, were the duly qualified and acting trustees at the time of the filing of this action. The will consists of several typewritten pages (legal size) but since the construction of only a particular clause of the will is involved it becomes unnecessary to consider other

parts except insofar as it may be helpful in construing the particular clause out of which this controversy arises. That clause of the will reads:

"This estate shall remain undivided and continue in trust during the lives of my wife and children and during the life of the longest liver of them. At the death of the longest liver the trust shall cease and the trust estate be divided and distributed among the descendants of my children according to the provisions of the Statute of Descent and Distribution as then existing in the State of Kentucky."

The precise question involved is whether or not all duties and powers of the trustees ended ipso facto at the death of testator's last surviving child, "the longest liver," or whether the trustees still have the power to sell certain indivisible real estate for the purpose of dividing and distributing the proceeds among the descendants of testator's children.

Since the testator did not in concise or expressed words authorize or direct his trustees to sell the real estate for the purpose of dividing and distributing the proceeds after the death of his wife and children, if the trustees now have such authority it must be implied from the entire will. Since the will must be construed by the entirety rather than by any separate clause or part thereof standing alone, we will consider other parts of the will. Clause one of the will reads:

"I nominate and appoint my friend Thomas L. Barret and my son William W. Hite my executors and trustees and devise and bequeath to them my entire estate real personal and mixed in possession remainder or reversion and wherever situated for the purposes and upon the trusts herein indicated. I give them full power and authority to sell and resell, convey and reconvey in their discretion any real estate which I may own or any which they may purchase for my estate I give them full power and authority to sell transfer and deliver any or all of my stocks, bonds and securities of every kind, and full power and authority to invest and reinvest from time to time the proceeds of such sales in other stocks bonds and securities and improved real estate whether situated in this state or elsewhere.

"Whenever sales are made by my said trustees

the title shall pass and the purchaser need not look to the application of the purchase money. It is my will and I give to my said trustees all power and authority which may be necessary and proper to carry out the purposes and trusts as herein indicated and I do not desire that they be required to give bond with security either as executors or trustees nor do I wish them to file any inventory of my estate in the County Court.

"The estate devised and bequeathed to my said trustees is for the use and benefit of my wife Mary E. Hite and my children and their descendants and my devisees as indicated in this my will."

By clauses two to seven, both inclusive, testator made various and divers bequests to his wife, children, and others, which are not here in question. Clause eight reads in part:

"After the payment of my funeral expenses and just debts and the payment of and provision for the legacies and bequests as directed in this will I desire and direct my trustees to manage control invest and dispose of the balance of my estate of every kind and discription including after my wife's death that part of my estate which has been set aside for her annunity, in their discretion so as to be safe and produce income. * * *

"If there should be any of my estate remaining after the payment of said sums directed to be paid my children I desire it to be kept together by my trustees and made productive of income. * * *"

Then follows the paragraph on sentence providing that after the death of the longest liver the trust shall cease and the trust estate be divided and distributed, etc., as quoted in the first part of this opinion.

Allen R. Hite, a son of testator, who survived testator's widow and all his other children, died in June, 1941. All of testator's estate had been disposed of and distributed under the provisions of his will except a house and lot situated at the northwest corner of Seventh and Jefferson Streets in the city of Louisville, Kentucky, which is admittedly indivisible, there being six descendants of testator's children entitled to share in the property. The trustees entered into a written contract with appellant J. A. Beeler to sell to him the property men-

tioned above for an agreed consideration and offered to deliver to him a deed conveying the property to him according to the contract, but Beeler refused to accept the deed or comply with the contract upon the grounds that the trustees might not be vested with power and authority to make such deed, or to pass title to him to any property undisposed of under the will of testator, because of the language in the clause referred to above providing that at the death of the longest liver the trust shall cease. The trustees and the resident heirs of testator then brought this action to have the will construed and for a declaration of rights pursuant to the provisions of the Declaratory Judgment Act, section 639a—1 et seq., Civil Code of Practice, naming as party defendants appellants J. A. Beeler and Anne Marie Hite, the latter being a great-granddaughter of testator, and who was born in France and still lives there and has never been in the United States. Norris McPherson, an attorney of the Jefferson County Bar, was appointed warning order attorney for Anne Marie Hite, the nonresident defendant, and wrote her at her last known address in France and the letter was returned with the notation "Returned to sender—service suspended." He further stated in his report that he had made a careful examination of the case and was unable to make any affirmative defense. The plaintiffs (appellees) asked that it be adjudicated that since the property is indivisible and it is necessary that it be sold and the proceeds divided among those entitled thereto the trustees still have the power and authority under the will to sell the property and make final settlement and distribution of testator's estate. The petition sets out the provisions of the will, the death of the testator, and other facts substantially as indicated above, and filed a copy of the will as an exhibit. Defendants (appellants) filed their general demurrer to the petition, which demurrer the court overruled and, appellants failing to plead further, judgment was entered in accordance with the prayer of the petition. This appeal follows.

If that clause of the will first quoted above in which it is said that at the death of the longest liver the trust shall cease and the trust estate be divided and distributed, etc., is to be given a literal or narrow construction, as contended for by appellants, the inevitable result would be that upon the death of the last surviving child of testator all powers and duties of the trustees then ended and all of testator's estate which had not been dis-

tributed by the trustees under the provisions of the will would descend in kind to the descendants of testator's children, leaving the trustees without any power to divide or distribute the same. It is to be noted that testator invested his trustees with practically all powers and authority he himself possessed, including the right to sell and resell any or all real estate and personal property, and expressly gave them "all power and authority which may be necessary and proper to carry out the purposes and the trust as herein indicated," and finally provided that at the death of the longest liver the trust shall cease *and* the trust estate be divided and distributed. We are here dealing with a compound sentence; i. e., at the death of the longest liver, the trust shall cease *and* the estate divided and distributed. The entire sentence must be read and construed together instead of dividing it into two separate and independent sentences. To apply the construction contended for by appellants it would be necessary to end the whole sentence at the word "cease" without taking into consideration the rest of the sentence. If testator had in mind that at the death of the longest liver the remainder of his estate undistributed would descend in kind or in bulk to those entitled thereto, we see no reason for the use of the words "divided" and "distributed." We think the words "divided" and "distributed" as here used presuppose a sale or conversion of the realty into money so as to render it capable of being divided and distributed. If he had not so intended, evidently he would have employed such words as descend to, vest in, or words of like import. Since the testator gave his trustees practically unlimited power to sell real estate for any and all other purposes, but merely failed to state in express words by whom or by what authority the sale of real estate should be made after the death of the longest liver and the trust had ceased for all other purposes, we think it is reasonably clear that he intended that his trustees should make such sale and divide and distribute the proceeds.

Appellants insist that the power or authority given the trustees to sell real estate was for the purpose of reinvestment only, but not for a distribution of the proceeds. But it should not be overlooked that what the testator said with respect to the authority of his trustees to sell personal property also applies to real property. We find nothing in the will indicating that testator meant

to give his trustees any more authority or discretion in the handling and disposition of his personal property than the real property. It cannot be denied that if the trustees have money in their hands belonging to the estate, it would be within their power and their duty to distribute it among those entitled thereto. We think the same is applicable to the real estate, since it is indivisible and five of the six heirs are asking that it be sold and the proceeds divided among them, it necessarily must be sold rather than kept together in joint ownership. There is no contention that a sale made by the trustees would not be as advantageous to appellants as it would be if made by some other authority. The only question is whether or not the trustees are authorized under the will to make the sale.

It is the rule that the powers of trustees are commensurate with the purposes to be effectuated and when a will directs certain things to be done the trustee is empowered to do them, even in the absence of express or concise language specifically authorizing such to be done. In such circumstances the power will be implied. Bourbon Agricultural Bank & Trust Company, Guardian, et al. v. Miller et al., 205 Ky. 297, 265 S. W. 790; Martin et al. v. Buechel et al., 186 Ky. 786, 218 S. W. 278; Collopy v. Dorman, 250 Ky. 513, 63 S. W. (2d) 610; VanSant v. Spillman, 193 Ky. 788, 237 S. W. 379. See also, Ruling Case Law, volume 26, page 1285, paragraph 136, wherein it is pointed out that a power of sale need not be conferred on a trustee in direct or express terms, but may be implied from the purposes of the trust, and that generally speaking whenever a trustee is directed to do something the doing of which cannot be accomplished otherwise than by a sale, then a power to sell is implied. Also, in Restatement of the Law, Trusts, section 344, page 1066, it is said:

"Although the time for the termination of the trust has arrived in accordance with the terms of the trust, the trustee does not thereby necessarily cease to be trustee, but he continues to be trustee until the trust is finally wound up. The period for winding up the trust is the period after the time for termination of the trust has arrived and before the trust is terminated by the distribution of the trust property."

It is our conclusion, therefore, that appellees have

the power under the will to sell the real estate in question for the purpose of a distribution of the proceeds of the sale and to do all things necessary to a final settlement of testator's estate.

Judgment affirmed.