## Gross et al. v. Taylor & Williams et al.

June 16, 1944.

Oscar O. Bader and Emeric Maratta for appellants.

Frank E. Daugherty for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

The will of J. B. Dant devised practically all of his property to a corporate trustee, which was also named as executor. The various trusts created were elaborate. By codicils the testator substituted individual trustees in place of the corporate trustee and removed his real

estate from the terms of the trust set up in the original will. The first paragraph of item IX of one of the codicils was

"I direct the executor of my will to convey to Taylor & Williams, a corporation, all real estate owned by me at the time of my death, to be subject to the trust hereinafter created. I further direct that my holdings in Taylor & Williams, a corporation, in Taylor & Williams Distilleries, a corporation, and any holdings in any allied or connected corporation be not considered a part of the trust created by the terms of my original will; and I bequeath all of my holdings in the aforenamed corporation unto the trustees hereinafter named, to be held by them in accordance with my wishes herein set forth."

Elaborate trust terms were then set up as to the holdings of the testator, the stock, in Taylor & Williams and Taylor & Williams Distilleries, corporations whose capital stock was owned almost entirely by the testator.

Item XII of the same codicil was in part as follows,

"Said trustees shall have full power to hold, manage and control the estates thus created, and may invest and reinvest the sums received by them, on such terms and conditions as may, in their judgment, seem proper."

The executor conveyed to Taylor & Williams all real estate of the testator in accordance with the direction contained in the codicil. Appellants Louis C. Gross and his wife entered into a contract with Taylor & Williams to purchase a house and lot thus conveyed by the executor. After an examination of the title the appellants questioned the power of Taylor & Williams to convey the testator's real estate conveyed to it by the executor. Taylor & Williams and the trustees thereupon instituted this action against the appellants seeking a declaration of rights as to the authority 1) of Taylor & Williams, or 2) Taylor & Williams, together with the trustees, to convey good fee-simple title to the house and lot. The chancellor was of the opinion, and adjudged, that the above-quoted language of item XII vested power of sale in the trustees and ordered the appellants to accept a deed executed by Taylor & Williams and the trustees. This appeal follows.

We are inclined to the view that Taylor & Williams had power to sell and convey the real estate conveyed to

it by the executor without the intervention of the trustees. While the testator directed that his real estate be conveyed to that corporation "to be subject to the trust hereinafter created," the trust thereafter created was as to the corporate stock bequeathed to the trustees and not as to the real estate. We do not think that the testator intended to hamper the corporation in its handling of the real estate by imposing on the real estate the trust terms imposed on the trustees in the handling of the corporate stock.

In any event, in accord with the judgment, there can be no doubt, in view of the powers conferred on the trustees by item XII of the codicil, that the corporation and the trustees acting together could sell and convey real estate. Even if the terms of the trust were imposed on the real estate, the quoted language of item XII of the codicil was sufficient to confer implied power of sale on the trustees in accord with the principles enunciated in Penn v. Pennsylvania Co., 294 Ky. 271, 171 S. W. 2d 437, 438, wherein very similar language was held to confer implied power of sale on trustees.

Affirmed.