## Evans Estate

*W. Perry Tyson,* for accountant.

MacElree, P. J., October 6, 1958—. . . The sole question submitted to the court arises by reason of the request of the accountant, The First National Bank of West Chester, that it be awarded the sum of $1,000 as compensation for its services as trustee.

In that connection certain dates must be borne in mind.

Decedent died March 18, 1945.

As of the date of decedent's death, section 45 of the Fiduciaries Act of June 7, 1917, P. L. 447, was in effect.

Such provision was a reënactment of the Act of March 17, 1864, P. L. 53, and provided, as follows:

"In all cases where the same person shall, under a will, fulfill the duties of executor and trustee, it shall not be lawful for such person to receive or charge more than one commission. . ."

The will of decedent was probated on March 27, 1945, at which time The First National Bank of West Chester qualified as coëxecutor and, together with its

coëxecutor, H. Matilda Evans, undertook the administration of decedent's estate.

By the Act of April 10, 1945, P. L. 189, the legislature repealed section 45 of the Fiduciaries Act of June 7, 1917, P. L. 447, and provided that: "This Act shall take effect immediately upon its final enactment."

Williamson Estate, 368 Pa. 343, 352, is authority for the legal proposition that the Act of April 10, 1945, may not be applied retroactively.

This court is, of course, bound by such authority.

In the Williamson case the corporate fiduciary accepted the trust in 1930 under the law as it then existed.

It was paid in full, except for commissions thereafter received on income received and distributed.

In the opinion by the late Mr. Justice Allen M. Stearne, the Supreme Court held:

"Such acceptance fixed the rights, liabilities, exemptions, defenses and expectations of both life tenant and remaindermen. Their rights were vested under what necessarily is an implied contract. Such rights having vested and appellant having been paid in full, the imposition of additional compensation under a retroactive interpretaion of this statute would be unconstitutional under the Fourteenth Amendment of the United States Constitution."

In the instant matter, on June 29, 1946, the executors, including The First National Bank of West Chester, were paid commissions, the share of said First National Bank of West Chester being $1,430.70.

The question to be resolved by this court is, in its opinion, determined by a determination as to when the corporate fiduciary accepted the trust.

In Wapples's Appeal 74 Pa. 100, it was held that where the trust was annexed to the office of the executor the trustee accepted the trust by taking out letters testamentary.

The situation before this court is, in its opinion, not comparable to that in Wapples's Appeal.

It has been stated consistently by the courts that the duties appertaining to the offices of executor and trustee are not blended when one person is named in both capacities: Strite v. Wolf, 268 Pa. 221.

In this latter case the court stated that upon the filing of a final account as executor, his duties in that capacity ended and he, thereupon, turned the property over to the trustee, and continued in the latter capacity.

It has been further held that one who has been named executor and trustee was not liable in the latter capacity where he never had possession of the corpus of the trust after filing a final account as executor: Young's Appeal, 99 Pa. 74.

It has been further held that an executor, upon whom the duties of trustee have been cast by will, would not occupy that position until the trust fund had been transferred to him in that capacity: Miller's Estate, 14 Dist. R. 163.

An examination of the record indicates these two important dates.

Commissions claimed by The First National Bank of West Chester, as coexecutor, were paid on June 29, 1946.

The account of the coexecutor was confirmed nisi on September 3, 1946, and confirmed absolutely thereafter on September 9, 1946.

Williamson Estate is authority for the legal proposition that "a *fiduciary who received commissions* on principal as executor *prior to the enactment of the Act of 1945* may not claim additional commission in principal as trustee."

This accountant did not receive commissions on principal as executor prior to the enactment of the Act of 1945, and this court is of opinion that it did not,

in fact, accept the trust until the confirmation of its account on September 9, 1946.

This court, being of opinion that the acceptance of the trust which fixed the rights of remaindermen was not as of the date of death of decedent or upon probate of the will, or even as of the date when commissions were recived, which latter date was subsequent to April 10, 1945, but was as of the date when the corpus of the trust was actually received by the accountant, the accountant is entitled to such compensation as trustee, as shall be reasonable and just.

It is found as a fact that the compensation requested; to wit, $1,000, is reasonable and just and is allowed . . .