# Moberley's Guardian, et al. v. Mt. Sterling National Bank, et al.

(Decided March 9, 1920.)

## Appeal from Montgomery Circuit Court.

1. Wills—Power to Sell While Held in Trust.—Where a will conferred upon the executrix and trustee named therein the power to sell any part of the estate devised, while held in trust, and reinvest the proceeds in other property to be held in like trust, the sale by her, at its fair market value, of certain bank stock constituting a part of the trust property and reinvestment of the proceeds in a town house and lot, purchased at its fair market value, the title to which she took to herself in trust as provided by the will, was but a proper exercise of the sound discretion given her by that instrument, and the judgment of the circuit court so holding, was not error.

2. Wills—Termination of Trust—Reinvestment.—A provision of the will requiring a purchaser of any part of the devised estate, after the termination of the trust and its division among the remaindermen, to see to the reinvestment of the proceeds of sale, cannot be made to apply to a bona fide purchaser, for value, of any part of the devised estate under a sale thereof made by the trustee, before the termination of the trust, under the power of sale conferred by the will.

3. Wills—Infants—Action for Recovery of Bank Stock—Liability of Remaindermen.—The fact that the proceeds of the bank stock were deposited in bank, probably with other money belonging to the estate, by the trustee to her account as executrix and then checked out from that account in payment of the purchase price for the house and lot, did not constitute a misappropriation of such proceeds or a wrongful conversion of same, known to the president of the bank who was the purchaser of the bank stock, as the account was the only one kept by her and included all fiduciary moneys received and paid out by her both as executrix and trustee, and the proceeds of the bank stock admittedly were applied to the payment of the purchase price of the house and lot. For those reasons it properly was adjudged by the circuit court that neither the bank nor its president was liable to the remaindermen suing under the will for the bank stock or its value.

ROBERT H. WINN for appellants

C. D. GRUBBS and W. B. WHITE for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In this action brought in the court below by the infant appellants, C. O. Moberley, W. H. Moberley and their statutory guardian, against the appellees, Mt. Sterling National Bank and W. S. Lloyd, its president, recovery was sought of one and two-thirds shares of the bank's capital stock of the alleged market value of $1,000.00, and certain accrued dividends thereon, of which the infant appellants claimed to be the owners, but of which, as alleged, they had wrongfully been deprived by a conspiracy between the appellees looking to and resulting in its illegal conversion by the appellee, W. S. Lloyd.

The bank stock sued for was claimed by the infant appellants under the will of their grandfather, C. O. Moberley, who died testate in March, 1905, domiciled in Montgomery county, survived by his wife, Eliza B. Moberley and their four children, Linn C., Sallie, Bessie and Minnie Moberley. Sallie Moberley died shortly after her father, unmarried and childless; Linn C. Moberley died, intestate, November 2, 1914, leaving two children, the infant appellants, C. O. Moberley and W. H. Moberley. Eliza B. Moberley, widow of C. O. Moberley, Sr., died, intestate, November 25, 1914. The will of C. O. Moberley was duly admitted to probate by the Montgomery county court at its first regular term after his death; and at the same term his widow, Eliza B. Moberley, appointed by the will as the executrix thereof and a trustee thereunder, without security, duly qualified in each capacity and continued to act as such executrix and trustee until her death.

At the time of his death Caleb O. Moberley owned valuable farming lands and some personal property, all of which, after the payment of his debts, passed under his will into the hands of the widow as executrix and trustee to be held by her for life, or during her widowhood, in trust for the benefit of herself and their children, and at her death or remarriage, distributed as provided by the several devises of that instrument. Among the personal property left by the testator were fifteen shares of the capital stock of the appellant, Mt. Sterling National Bank, of the par value of $100.00 per share, but having a market value of at least twice that amount per share.

June 14, 1907, Eliza B. Moberley purchased of J. W. and A. M. Hayden a house and lot in Mt. Sterling as a

home for herself and children at the price of $3,200.00; of this amount $1,000.00 was paid in cash and for the remainder of the consideration she gave her notes secured by vendor's lien on the property. Under the deed from the Haydens the widow took in trust for herself and children the same character of title to the house and lot that she and they held to the real estate devised by her husband's will.

The cash payment of $1,000.00 on the house and lot seems to have been made with money the widow as executrix or trustee had realized by way of rents or income from the testator's estate required for the support of herself and children, and which the will made it her duty as trustee to apply to such purpose. The $1,000.00, thus temporarily used was, however, very quickly replaced with the proceeds of the five shares of bank stock sold by the trustee to the appellee, W. S. Lloyd, as was intended by her at the time she purchased the house and lot. The notes, aggregating $2,200.00, executed by the trustee for the balance and larger part of the consideration agreed on for the house and lot, were shortly thereafter paid by her with money realized from a sale of the remaining ten shares of bank stock belonging to the devised estate.

The complaint made in this action is only as to the sale of the five shares of bank stock purchased by the appellee, W. S. Lloyd, one and two-thirds shares of which, if to be had, or if not to be had, their market value, was attempted to be recovered by the infant appellants and their guardian both of the purchaser, Lloyd, and the Mt. Sterling National Bank, the recovery against the latter being demanded because of its participation in the alleged illegal conversion of the bank stock by advising through its president, Lloyd, the sale thereof by the trustee under the will of C. O. Moberley, deceased, and recording in its book or books kept for that purpose the transfer of the stock to Lloyd as purchaser. It is true that but for the sale by their grandmother of the fifteen shares of bank stock the two infant appellants, children of Linn C. Moberley, deceased, under the will of their grandfather, C. O. Moberley, would upon the death of the grandmother have become the joint owners for life of one-third thereof, or each the half of such third, and their aunts, Bessie and Minnie Moberley, owners in like manner, one-third each, of the remaining two-thirds;

but if the sale of the bank stock and investing of its proceeds in the Mt. Sterling home by the grandmother was, as claimed by the appellees, authorized by the provisions of C. O. Moberley's will, the infant appellants and other devisees must content themselves with their ownership of the real estate obtained through the sale of the bank stock.

It is substantially alleged in the petition: First, that the will of C. O. Moberley creating the trust under which the devised estate was to be held by the executrix and trustee for the benefit of herself and children, did not confer upon her the power to sell the bank stock or invest the proceeds as here effected; or if conferred, the will forbade its exercise, save on condition that the purchaser of the bank stock saw to a proper reinvestment of its proceeds  Second, that the appellee, Lloyd, being president of the appellee, Mt. Sterling National Bank, and having at the time he bought the bank stock knowledge of the testamentary trust under which it was held by the vendor, was not a purchaser "in good faith" of the stock, nor relieved by section 4707, Kentucky Statutes, of the duty of seeing to a proper reinvestment of its proceeds.  Third, that the sale of the bank stock being in violation of the trust created by C. O. Moberley's will, its transfer on the books of the bank to the purchaser by the bank, made the latter equally liable with the purchaser to the appellants for the return of their part of the five shares sued for, if to be had, or, if not to be had, its market value  Fourth, that the proceeds of the five shares of bank stock in question, were with appellees' knowledge applied by the trustee to replace other funds of the devised estate previously misappropriated by her, which constituted a wrongful conversion of the bank stock by the trustee with the assistance of the appellees.

The appellees filed a joint and separate answer to the petition, consisting of four paragraphs.  The first paragraph specifically denied all the averments of the petition, except its allegation of the sale to the appellee, Lloyd, by the trustee of the C. O. Moberley estate of the five shares of bank stock in controversy.  The second paragraph set up the purchase by the trustee of the Hayden house and lot, the terms thereof and the conveyance to her and her children by proper deed of the same character of title to the property purchased that she and they held under the will of C. O. Moberley to the real es-

tate therein devised; also the cash payment of $1,000.00 of the consideration made by her to the grantors with money realized in rents and other income from the devised estate than in bank to her credit as executrix of the will, but which she in fact held under the provisions of the will as trustee for the support of herself and children and education of the latter; and that when she shortly thereafter sold the appellee, Lloyd, the five shares of bank stock in question, the proceeds thereof, $1,000.00, were deposited in bank to her account as executrix and thereby made to replace the $1,000.00 upon which she had checked to make the cash payment on the Hayden property.

It was further alleged in paragraph two that although Eliza B. Moberley had, prior to her purchase of the Hayden property, made a settlement of her accounts as executrix of the will of C. O. Moberley and was at the time of such purchase holding and managing the devised estate, including the bank stock mentioned, as trustee under the will, that nevertheless she continued until her death to deposit in bank all moneys received by her as trustee in her name as executrix and never at any time kept a separate bank account as trustee.

In paragraph three it was alleged that at the time of its sale to the appellee, Lloyd, the five shares of bank stock in question had a market value of $200.00 per share and was worth in the aggregate $1,000.00, what he paid for it; that he was a purchaser in good faith for value of the bank stock and by reason thereof as well as by virtue of the provisions of section 4707, Kentucky Statutes, and, also, those of the will of C. O. Moberley, deceased, the trustee had authority to sell the bank stock and Lloyd to purchase it without being bound or required to look to the application or reinvestment of the proceeds by the trustee.

In the fourth paragraph it was alleged that more than five years, indeed, as much as six years and eight months, elapsed between the sale by the trustee of the five shares of bank stock to the appellee, Lloyd, and the institution by appellants of this action, because of which the claim and action were barred by the statute of limitations of this state which was duly pleaded.

Appellants entered in the court below a motion to strike from the first paragraph of the answer certain

averments relating to the construction appellees claimed should be given the will of C. O. Moberley, and filed a general demurrer to paragraphs 2, 3 and 4, but the motion and demurrers were overruled, to which the appellants excepted. The latter then filed a reply to a part of the second paragraph of the answer, merely denying that Eliza B. Moberley held the bank stock as trustee or that there was a reinvestment of the proceeds of the five shares sold Lloyd, and refused to plead further. Thereupon the court entered judgment dismissing the petition, from which judgment this appeal is prosecuted.

The will of C. O. Moberley, following the usual provisions respecting the payment of the testator's debts and funeral expenses, devised his entire estate to his widow in trust for life or during her widowhood for the support and use of herself and the testator's children and the education of the latter; and at her death, or remarriage, to go to the children in equal shares, each for life, with remainder in fee to their issue or descendants. The will further provides, however, that if the testator's widow should again marry, the provision made by the will for her and her trusteeship thereunder should cease, and in lieu of such provision she should take dower in the realty and her distributive share of the personalty, as provided by the statutes controlling in case of intestacy. The widow did not again marry, but continued in possession of the devised estate as trustee under the will until her death.

The provisions of the will with which we are here more particularly concerned are contained in the sixth and seventh clauses of that instrument, which read as follows:

"Sixth: If either of my children should marry before the division of my estate can be made, as provided herein, I hereby empower my wife, or my administrator or trustee, if such shall be appointed, according to the provisions hereof, to act upon his or her discretion as to alloting or dividing to such one a portion of my estate; but, if any land is set apart for such child or any investment made for him or her of funds arising from my estate, such land or the property so purchased shall be held by such child under the same limitations and restrictions named above. I do not want any preference or partiality shown to any of my children, it being my

will and purpose that they shall share equally in my estate.

"Seventh: Any portion of my estate which shall belong to any of my children under this will may be sold without the intervention of a court of equity, provided the funds arising therefrom be reinvested in real estate to be conveyed to the child or children who sell under the same conditions and limitations as my estate is willed to my children, and I do hereby require and bind any such purchaser of any portion of my estate to see to such reinvestment."

The first question to be determined is whether there is anything in the will that forbade the sale of the bank stock or required the appellee, Lloyd, as purchaser of the same to see to a reinvestment of its proceeds. It will be observed that clause six only empowers the trustee to give or allot in her discretion to such of the children as might marry before a final distribution of the estate, any part of his or her share thereof. It does not appear that the trustee ever allotted to any of the children any portion of the estate; but whether this was done or not, it was obviously the intention of the testator, as expressed by the language contained in the seventh clause, to authorize the sale for reinvestment of such portion of the estate as might have been allotted by the trustee to any of his children. This is necessarily so as under the will it was impossible for any portion of the testator's estate to belong to any of his children until after the time had arrived for its final distribution under the third clause, or until the portion of one who might marry had been allotted or advanced to him or her by the trustee under the sixth clause of the will. Until this was done none of the property could be said to belong to the children nor any of them, but to the trust estate for the purposes of the trust, or at most to the widow and all the children. We think it therefore apparent that by the use of the language, "any portion of my estate which shall belong to any of my children under this will may be sold, . . ." the testator referred to such ownership on the part of the child or children as might result at a time subsequent to the partition of the estate or an allotment of a portion of same by the trustee to one or more of them who might marry. That such was the intention of the testator is shown by this further language contained in the seventh clause: "Provided the funds arising there-

from (i e., a sale of the property) be reinvested in real estate to be conveyed to the child or children themselves." Manifestly, under this language no child or children of the testator could have any portion of the estate to sell for reinvestment or otherwise, until after the partition of same or allotment to one who might marry. And as long as the trust estate existed no child or children had anything but a prospective estate for life in a portion of the estate, subject to be defeated by his or her death before the termination of the trust. Furthermore, the intention we have attributed to the testator is also shown by the additional language in the seventh clause, "and I do hereby require and bind any such purchaser of any portion of my estate to see to such reinvestment." We think this language emphasizes the fact that it was only the purchaser of any portion of the devised estate belonging to "any of my children" that should be required to look to the reinvestment of the proceeds. It is therefore clear that no purchaser of any part of the trust estate from the trustee was required by the will to look to the reinvestment of the proceeds.

The rule of construction applicable here will be found in the opinion of Simms v. Lively, 14 B. Mon. 433, as follows: "And where the obligation of the purchaser to see to the application of the purchase money is not clearly indicated by the will or other instrument of title, but is a mere matter of equitable deduction or inference from the instrument of title, it must, of course, be subject to be rebutted by equitable considerations of greater weight." This rule of construction has been approved by this court in numerous cases. Howard v. Howard, 4 Bush 494. Indeed the rule is declared by section 4706, Kentucky Statutes; nor is there anything in the provisions of section 4707, Kentucky Statutes, which required the appellee, Lloyd, purchaser of the bank stock, to see to the reinvestment of the proceeds.

We find nothing in the will that forbade the sale of the bank stock by the trustee. It was her duty as trustee not only to preserve the estate but also increase its value; and if this in her judgment required the sale of the bank stock and the reinvestment of its proceeds in real estate, she had the right to do so, provided it could be sold at its full market value. In thus disposing of it she was not required by section 4707 of the statutes, *supra,* to obtain a decree of a court of equity authoriz-

ing the sale, for the sale was not made by her as executrix, but as trustee under the will of C. O. Moberley, and in the exercise of a discretion with which the will invested her. Whether Eliza B. Moberley had or not made a final settlement of her accounts as executrix is not material. But several years had elapsed between the date of her qualification as executrix and trustee under the will and that of the purchase of the Hayden property, and we must assume that a sufficient time had elapsed for the completion of her duties as executrix; therefore, she is to be regarded as holding the estate in her hands in her capacity as trustee under the will, for which reason the bank stock in question was at the time of its sale a part of the trust fund under the will. And this would have been true even if the executrix had not qualified as trustee. In passing on this question in Crenshaw v. Ware, Executor, 148 Ky. 196, we said: "In addition to this, we have several times held that where an executor is directed to hold the fund and pay over the annual interest he will be held to hold the money as a trustee and not as an executor, after the lapse of a reasonable time for the settlement of the estate as executor." Lasley's Executor v. Lasley, 1 Duvall 117; Neeley v. Merritt, 9 Bush 346; Givens v. Flannery, 105 Ky. 451. In addition the Crenshaw case, *supra,* points out the difference between the authority of a trustee and an executor to dispose of stocks under section 4707 of the statute, and is conclusive in its reasoning as to the right of the trustee to make the sale to appellee. Lloyd, of the bank stock in question.

We think it conclusively appears from the facts admitted on the record by appellant's motion and demurrers that the appellee, Lloyd, paid the full, fair and actual market value of the bank stock to the trustee; and it appears with equal conclusiveness that its proceeds were invested by the latter in the Hayden property for which she paid no more than its fair market value; and that the investment was a good one for the trust estate and the beneficiaries thereof. It is only contended by appellants that Lloyd's bad faith as a purchaser of the stock is shown by the fact that its proceeds were deposited in the bank to the credit of the vendor as executrix of the will of her husband, and because whatever private funds she may have had were deposited to her account as such executrix. We do not regard it material that the

trustee's account was so kept. In any event the money was placed in the account kept of her fiduciary affairs by the trustee and though paid out by her checks drawn as executrix, under the authority of the Crenshaw case, *supra*, the funds were in reality held by her as trustee. Moreover it is admitted in the record that the money realized by the trustee for the bank stock was either paid directly by her check on the Hayden property or deposited to her account to replace other trust funds which she had used to make the cash payment on the property. In either event there was no misappropriation of the proceeds of the stock, for it went to pay for the property, was paid out of the trust fund held by the trustee, and the appellants by the death of the trustee have come into their share of the property thus purchased and paid for, in view of which it would be inequitable to permit them to recover of the purchaser of the bank stock its value.

The case of Taylor v. Harris, Administrator, 164 Ky. 654, and other cases therein cited, relied on by appellants, have no application to the transaction here involved. In the Taylor case Harris as guardian held a note secured by mortgage payable to him as guardian of Taylor, which he sold to a bank and the proceeds of which he deposited to his individual account, following which it was checked out by him in payment of his individual debts. These facts being known to the bank it was held to have been a participant in the wrongful conversion by the guardian of his ward's money, hence it was held liable with the surety on his bond for the amount of the note. The other cases cited in the opinion were analogous in fact or principle with the Harris case, for which reason the transactions involved in them were, like that of the Harris case, condemned by this court.

Here the facts were wholly different. The purchaser of the bank stock acquired it in good faith and for value and the proceeds were not misappropriated either by the trustee, the purchaser or the bank, but were reinvested in the real estate purchased by the trustee. Under the circumstances the attitude of the purchaser is the same as it would have been had he seen to the reinvestment of the proceeds of the bank stock.

The conclusion we have reached renders unnecessary consideration of the defense of the statute of limitations pleaded by the appellee. As neither the appellee, Lloyd, nor the appellee bank is liable to appellant for

the bank stock in question or its value, the judgment of the circuit court in so holding and dismissing the petition, is hereby affirmed. The whole court sitting.