### Anderson et al. v. Ratliff et al.

March 14, 1944.

William C. Clay, Jr., for appellants.
Robert H. Winn, Reid Prewitt and F. C. Bryan for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

H. C. Ledford died testate September 23, 1939, a resident of Montgomery county. In his will dated January 3, 1939, after providing for his wife, Elizabeth Ledford, he empowered his executors to sell and convey his real estate and directed that the proceeds be divided equally among six of his children, including Reid Ledford. On August 24, 1939, he executed a codicil to his will which reads:

"The foregoing three pages, signed by me, and witnessed by W. K. Prewitt and R. D. Greene, constitute one will, which I hereby ratify and confirm except as hereinafter stated, to-wit:

"I hereby revoke and cancel the bequests made in the fourth paragraph of my said will to my daughters Allie and Sallie and son Reid. In lieu thereof I hereby will, bequeath and devise to the Exchange Bank of Kentucky of Mt. Sterling, Kentucky, in Trust three sixths of the residue of my estate after satisfying the devises in my said will to my wife, Elizabeth Ledford, to be held by said Trustee for the use and benefit of my children, Allie Ford, Sallie Day and Reid Ledford, in severalty, the account of each to be kept separate and apart from the others. My said Trustee may invest such portions of my estate by this codicil devised, in such securities as are allowed by law for such investments and /or in real estate and collect all rents, profits, interests and other income from same, and apply such net income after it shall have been earned and collected, to my said daughters for their respective shares; and the portion devised in trust for my son, Reid Ledford, the investment, sale, reinvestment said Trustee will make upon its own judgment. Said Trustee will pay the net income of said last named portion to my son Reid, as and when it may determine it is best for my said son's welfare; or may withhold all or any part for reinvestment as it may deem proper provided, however, that devise for the use of said Reid is to terminate should said Reid Ledford attempt to sell, encumber or convey his said interest or if any creditor of his should attempt to subject same to his debts. In event of such termination, or upon the death of said Reid Ledford, I devise said beneficial interests to said Reid Ledford's children, who may be then living or the descendants of such as then might be dead (per stock). Said Trustee may sell,

·convey, and reinvest, any of said property by this codicil devised to it.''

The Exchange Bank of Kentucky declined to qualify as trustee, and L. N. Kratzer was appointed trustee by the Montgomery county court and qualified as such. While acting in that capacity Kratzer purchased a house located on Harrison avenue in Mt. Sterling, Kentucky, for $3,500. The property was conveyed to him as trustee for Reid Ledford. Thereafter Kratzer resigned as trustee and D. E. Ratliff was appointed and qualified as trustee under the will of H. C. Ledford. On October 3, 1942, D. E. Ratliff, trustee, and Mrs. Mattie Richardson made an exchange of real properties whereby Ratliff, as trustee for Reid Ledford, conveyed to Mrs. Richardson the house and lot on Harrison avenue in Mt. Sterling and Mrs. Richardson conveyed to D. E. Ratliff, trustee for Reid Ledford, a farm in Montgomery county containing 110 acres. Reid Ledford and his wife are now residing on the farm.

Reid Ledford has three children, Mary Clay Anderson, Thomas Ledford, and D. Reid Ledford, Jr., all more than 21 years of age. On January 22, 1943, D. E. Ratliff, trustee, and Reid Ledford brought an action under the Declaratory Judgment Act, Civil Code of Practice, sec. 639a—1 et seq., against Mrs. Mattie Richardson and Ledford's three children for a declaration of the rights of the parties. It is alleged in the petition that an actual controversy exists between the plaintiff and Mrs. Richardson in that she asserts and claims that the deed from D. E. Ratliff, trustee, conferred no title upon her to the house and lot in Mt. Sterling and that her deed vested no title in D. E. Ratliff, trustee, to the land described therein for the reason that L. N. Kratzer, as trustee, had no right to invest any of the trust funds in real estate and that his successor trustee had no right to convey the Harrison avenue property to her or to invest any part of the trust funds in the farm in Montgomery county. The plaintiffs prayed for a construction of the codicil to H. C. Ledford's will and for a binding declaration of the rights of the parties. The children of Reid Ledford filed a demurrer to the petition, which was overruled. The circuit court adjudged that the powers conferred upon the Exchange Bank of Kentucky, as trustee for Reid Ledford, in the codicil to the will of H. C. Ledford, passed to the successor trustee upon the declination of the bank to

qualify as such trustee, and that D. E. Ratliff, as trustee, is authorized to invest the funds of the trust in real estate and to make sales thereof and reinvestments therein. The children of Reid Ledford have appealed. It is their claim that the power of sale and reinvestment conferred upon the trustee named in the will was personal to it and therefore cannot be exercised by a successor trustee. They rely chiefly on Keel v. First Nat. Bank of Pikeville, 271 Ky. 745, 113 S. W. (2d) 33, 116 A. L. R. 151, but that case is distinguishable. There the testatrix created a spendthrift trust for Roy Keel and directed his executor and trustee, Fonso Wright, to furnish Roy Keel with money, clothing, and medical attention and to see that he was provided for in a comfortable manner so long as he might live, the executor and trustee to use his own discretion in the amount so used for this purpose. After the death of Roy Keel the remainder of the estate was to be held by the executor as a trust fund for the support of four children until the youngest of them arrived at the age of 21 years. In the fourth clause of the will the testatrix authorized and empowered her executor ''to sell any real estate he may deem necessary in order to procure sufficient money to enable him to provide for my beneficiary above named or if, in his judgment, it is to the best interest of the estate to sell any or all real estate he is empowered so to do.'' After the death of Roy Keel, Fonso Wright resigned as executor and the First National Bank of Pikeville qualified as administrator with the will annexed. The substituted representative sold a part of the real estate left by Mrs. Keel, and the sale was attacked on the ground that the powers vested in Fonso Wright, as executor and trustee, being of a personal nature, did not pass to the administrative successor. It was held that the power of sale conferred upon the executor and trustee named in the will did not pass to the substituted personal representative with the will annexed. The opinion is not susceptible to the construction that the holding would have been the same had the substituted trustee qualified prior to the death of Roy Keel and had sold real estate for the purpose of providing support for the beneficiary of the trust. There was no provision in the will for the sale of land for the support of the beneficiaries in remainder, but, in addition to the power conferred upon the trustee nominated in the will to sell any real estate deemed necessary by

him to provide a comfortable living for Roy Keel, the testatrix empowered him to sell any or all of the real estate owned by her at the time of her death "if in his judgment it is to the best interest of the estate." It was the power bestowed upon the nominated executor by this provision of the will which the court held was of a personal nature, rested on the confidence the testatrix had in her selected executor and trustee. In the case before us the testator was primarily interested in protecting his son from his own improvidence. In order to accomplish this purpose it was necessary to give the trustee complete control of the trust fund with power to buy, sell and reinvest. The testator nowhere indicated an intention that the power bestowed upon his nominated trustee should be exclusive in that trustee.

A case more in point than the Keel case is Penn v. Pennsylvania Co. for Insurances, Etc., 294 Ky. 271, 171 S. W. (2d) 437, 441, wherein it was said:

"In the absence of indication of personal trust and confidence of the testator in the persons named as trustees, successor trustees appointed by the court are, as a general rule, held to have authority to execute a power of sale conferred upon testamentary trustees. The power of sale is annexed to the office."

The following was quoted from the Restatement of the Law of Trusts, vol. 1, sec. 196:

"If it is not provided by the terms of the trust in specific words that powers conferred upon the trustee may be exercised by successor trustees, such powers can properly be exercised by successor trustees, unless the settlor manifested an intention that they should be exercised only by the trustee originally named."

Unless the successor trustee has the power bestowed upon the trustee named in the will, the dominating purpose of the testator, which was to create a spendthrift trust for his son, will be defeated. It was his purpose to deprive his son of any control of the trust estate and give complete control to the trustee. He necessarily knew that the officers and agents of the corporate trustee would change from time to time, and, consequently, the personnel of the bank's managerial force could have had little influence in respect to the nature of the powers bestowed on the trustee by the will. The very nature of the trust required that the trustee

should have the powers named in the will throughout the life of the trust.

The judgment is affirmed.