## Heffner's Ex'r v. Beauchamp et al.

Oct. 6, 1944.

R. Ruthenburg for appellant.

Lawrence S. Grauman for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
—Dismissing Appeal.

George Heffner, a citizen of Louisville, nominated his nephew, J. D. Heffner, as the executor of his will which was probated in 1921 and he qualified as such. The heirs and beneficiaries were a son and three daughters. A large part of the estate is 1100 acres of land in Jackson County. The executor was given power to sell and convey the real estate by and with the written consent of the four children, or "as many of them as may be living." It was further provided: "It is my desire that my property be not sold or leased until at such time and under such conditions as my executor sees fit to dispose of same." It appears that the estate has been administered except the Jackson County land and perhaps some proceeds from it.

A rule was issued against the executor in June, 1942, requiring him to make a final settlement of his accounts. The executor sought relief from the order in the circuit court without superseding it. Then an order was entered in May, 1943, in the county court discharging him as executor. Relief from that order was added to the suit or appeal pending in the circuit court. In that proceeding the executor also sought to have the will construed to mean that his duties and privileges as trustee of the land continued indefinitely or until he should act under the terms of the will or should die and contended that the county court had no authority to remove him. No bond superseding that order was executed until after his appeal in the circuit court had been filed. It was revealed afterward that Heffner had filed a final settlement and in that report had resigned as executor. The circuit court eventually dismissed the plaintiff's petition and appeal.

Heffner has perfected an appeal of that judgment in this court. He insists that both orders of the county court requiring a final settlement and removing him are ultra vires and null and void. His ground is that the power of sale conferred upon him in the will continues indefinitely as stated.

Appellant says in his brief that the appeal is brought to vindicate him and his attorney. The appellees have

filed a motion to dismiss the appeal as it involves only moot questions, since the appellant has resigned as executor and has no interest in the matter. The response to this motion is that the final settlement tendered in the county court is pending on exceptions filed by one of the devisees, and also that the appellant has never tendered his resignation as trustee even if it be regarded that he has resigned as executor. That resignation has never been withdrawn and the exceptions do not go to that part of the report but to certain items of account only. There appears to be no objection by any one to the appellant resigning. All the devisees are appellees. The circuit court held that Heffner had resigned as executor and had never qualified as trustee.

The appellant's argument that he is still a trustee, even though he be not an executor, seems to be based in a large part upon a reference to him as a trustee in our opinion in Casteel v. Heffner, 294 Ky. 80, 170 S. W. 2d 880. That reference is by no means to be regarded as holding that he was or is a trustee, separate and distinct from his capacity as executor. Where one is named as both executor and trustee, with power of sale of property after the lapse of a reasonable length of time for settlement of the estate as executor, he is regarded as holding it in the capacity of trustee to which he was named. Moberley's Gdn. v. Mt. Sterling National Bank, 187 Ky. 403, 219 S. W. 423. See also Louisville & N. Railroad Co. v. Powers, 268 Ky. 491, 105 S. W. 2d 591. In this case there is no separation. Whatever fiducial duty the appellant had with respect to the land was imposed upon him as executor for that is all that he was either nominated or qualified for. When he resigned as executor, he gave up all the powers he had.

The appeal is dismissed as moot.