## Tatman v. Cook's Adm'x.

June 4, 1946.

Fowler & Fowler and Earle Fowler for appellant.

Eldon S. Dummit, Attorney General, and Marvin J. Sternberg, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

J. F. Cook died testate, a resident of Lexington, on the 27th day of January 1940. By his will he left all his property to his sister.

He named Kelly Francis, of Stanford, and John G. King, of Lexington, as his executors. They declined to serve and the court appointed the testator's sister, Anna Cook, administratrix with the will annexed, and she qualified as such on Feb. 23, 1940.

On November 8, 1945, the administratrix entered into a contract with the appellant, Novella Tatman, by which she agreed to sell him a lot near Lexington for the sum of $1,800. Tatman refused to carry out the terms of the contract and the administratrix brought this action for specific performance. Tatman defended on the grounds that the power of sale granted by the will to the executors named therein was personal to the executors and did not pass to the administratrix. The lower court decided that the power of sale did pass and directed that the terms of the contract of sale be carried out. Tatman appeals.

The only question presented on this appeal is whether the power of sale conferred by the will is personal to the executors named therein, or whether such power passed to the administratrix, with the will annexed. The

determination of this question requires a construction of the will, the pertinent provisions of which are as follows:

"6a. I hereby nominate and appoint my friends, Kelly Francis of Stanford, Kentucky and John G. King, of Lexington, Kentucky as my executors and I hereby expressly authorize and empower them to compound, compromise, settle and adjust all debts and claims which may be due my estate in such manner and upon such terms as they may deem expedient and just.

"b. I further authorize and empower them to sell any and all my real and personal property at such times, at such prices and upon such conditions as they may deem best, without resort to any court or judicial authority for permission to do so. Such sales may be either private or public, so long as the method adopted will in their discretion be for the best interest of my estate and those who take under this will. They are authorized to make any necessary deeds and other evidences of title to any purchaser without the purchasers being required to look to the application or investment of the proceeds of such sale.

"d. I direct that my farm on the Nicholasville Pike be kept and maintained until a good price can be obtained for it. I prefer it to be sold in tracts if in their discretion a greater price may be obtained."

Appellant relies chiefly upon the case of Keel et al. v. First National Bank of Pikeville et al., 271 Ky. 745, 113 S. W. 2d 33, 116 A. L. R. 151, and claims that case is controlling here.

Appellee relies on the case of Anderson et al. v. Ratliff et al., 297 Ky. 42, 178 S. W. 2d 946, and argues further that when the whole will is considered it discloses that the intention of the testator was to convert his real estate into cash and place the cash in trust for the purposes stated in the will, and that the doctrine of equitable conversion should be applied, as it was the primary intention of the testator to care for his sister and devise a plan to convert the real estate into cash with as little expense to the estate as possible.

Equitable conversion is a mere fiction resting upon the principle that equity regards things which are directed to be done as having actually been performed where

nothing has intervened which ought to prevent such performance, and may be defined as a constructive alteration in the nature of property whereby, in equity, real estate may be considered as personalty, or vice versa. We can not see that this doctrine has any application here. In 19 Am. Jur. page 6, section 6, it is stated: "The doctrine of equitable conversion does not apply, however, when there is neither an express devise in fee to the executor or trustee nor any such language in the will as to raise a fee by force of implication. The fee remains in the heirs at law, both by the devise to them and by the statute of descent. In order to work a conversion in such a case, the executor or trustee must sell the property in accordance with the terms of the will."

Since there is no devise in fee, either express or implied, to the named executors, it is clear that the doctrine of equitable conversion can not be applied.

The question we must determine is whether the power of sale conferred upon the named executors was granted because of personal confidence, or whether the intention was to confer that power upon the executors by virtue of their office. If the power was granted to the executors as such and by reason of their office, and not because of personal confidence in the persons named, then that power passes to the administratrix under the provisions of Section 395.050, KRS, which provides that an administrator with the will annexed succeeds to the powers of an executor who for any reason fails to qualify. On the other hand, if the power was granted to the executors by reason of his confidence in them, and such powers are of a personal nature, then the statute does not apply, since it has been construed to mean that an administrator succeeds to all powers of the *office* of the executor but does not succeed to powers which are granted because of personal confidence in the person named. Schlickman et al. v. Citizens National Bank of Covington, 139 Ky. 268, 129 S. W. 823, 29 L. R. A., N. S., 264.

In the Keel case power to sell was granted the executor "if in his judgment it is to the best interest of the estate to sell any or all real estate." In that case a spendthrift trust was established, and it was in connection with this trust that the power to sell was given. The court held in that case that the power to sell was

personal and did not pass to an administratrix who succeeded the executor. However, at the time of the sale under consideration the beneficiary of the spendthrift trust was dead and the estate had passed to others. That is the distinguishing feature between the Keel case and this case, and but for that distinction the Keel case would be controlling here.

In the Anderson case (297 Ky. 42, 178 S. W. 2d 947), relied on by appellee, the trustee was given the power to "sell, convey, and reinvest, any of said property by this codicil devised to it." It is at once apparent that there is no expression of personal confidence in the clause quoted. Therefore, neither of the cases relied on by the parties is exactly in point although the general principles which must govern the decision of this case are fully and clearly set forth in each opinion.

We have indicated above what we consider to be the determining factor, that is, was the power to sell granted to the executors because of the confidence the testator had in them, or was it granted to them solely by reason of their office? In the case of Penn v. Pennsylvania Co., etc., 294 Ky. 271, 171 S. W. 2d 437, 441, it is said: "In the absence of indication of personal trust and confidence of the testator in the persons named as trustees, successor trustees appointed by the court are, as a general rule, held to have authority to execute a power of sale conferred upon testamentary trustees. The power of sale is annexed to the office."

In the Restatement of the Law of Trusts, Vol. 1, Section 196, in treating the question under consideration, subsections b., d., and f. state the rule as follows:

"b. Powers which are essential to the trust or powers which relate to the effective administration of the trust can ordinarily be exercised by successor trustees. Thus, a power of sale can ordinarily be exercised by successor trustees."

"d. Where the exercise of a power is not discretionary, the inference is that the settlor intended that it might be exercised by successor trustees. There is ordinarily the same inference where the trustee is given discretion and there is a standard by which the reasonableness of the exercise of the discretion can be judged. If the exercise of a power is within the discretion of the

trustee and there is no such standard, the inference is not as strong, but ordinarily the power may be exercised by successor trustees, unless it appears from the terms of the trust that. the confidence placed in the original trustee should be personal to him.''

"f. The relation between the settlor and the original trustee may be such as to show an intention to place confidence in him personally and only in him. It is less difficult to draw an inference that the settlor intended powers to be exercised by successor trustees where the original trustee was a person not related to or closely connected with the settlor, especially where the original trustee was a corporate trustee, than it is where the trustee was a near relative or close friend of the settlor.''

Considering the Cook will in the light of these principles we find that the testator referred to the named executors as "my friends''. He gave them (6a) powers to pay, settle and adjust debts and claims against his estate ''in such manner and upon such terms as they may deem expedient and just.'' In 6b he authorized them to ''sell any and all my real and personal property at such times, at such prices and upon such conditions as they may deem best, without resort to any court or judicial authority for permission to do so.'' He further provided that such sales as they made might be either public or private ''so long as the method adopted will in their discretion be for the best interest of my estate and those who take under this will.'' And again in d. he directs that his farm on the Nicholasville Pike (of which the lot involved here is a part) be maintained until a good price could be obtained. He says: ''I prefer it to be sold in tracts if in their discretion a greater price may be obtained.''

It may seem that the testator expressed personal confidence in the named executors, but upon careful consideration of the expressions hereinabove referred to it may be noted that the authority vested in the executors by the will only constitutes an expression of the duties of any executor who qualifies and assumes such office. For instance, it is incumbent upon a personal representative to obtain the best possible price for property belonging to the estate and it is his duty to sell the same ''at such times, at such prices and upon such terms'' as he may deem best. Likewise, the law

compels a personal representative to adopt a method of sale which will be for the best interest of the estate and the beneficiaries under the will. The commands, if they may be called that, contained in the will impose no additional duties on the executors to those which the law requires of them. There is nothing in the will that adds to the duties imposed on an executor empowered to sell land in the settlement of an estate.

Taking the will as a whole, it is apparent that the testator had one purpose uppermost in his mind, and that was that his executors convert his estate, including his realty, into cash and have the proceeds invested for the benefit of his sister and niece. His ultimate purpose was to convert the estate into personalty for the benefit of his beneficiaries. It may be said that there is no discretion whatever in the executors as to whether or not the realty must be sold. No discretion is permitted as to whether or not the property be ultimately sold, the discretion being only as to the manner of the consumation of the sale, and, as stated, the request or commands to the executors add nothing to the duties imposed by law upon them.

It is clear that the testator's primary intention was to have his estate converted into cash under the best terms available and at the least expense to the estate. Since the exercise of the power of sale is not discretionary the inference is that the testator intended that it be exercised by his personal representative whether the persons named as executors were acting in that capacity or not.

Applying the rule set out in the Restatement of the Law we are impelled to hold that the testator's intention was to confer the power of sale upon the executors by virtue of that office. It follows that the power passes to the administratrix with the will annexed under the provisions of Section 395.050, KRS.

Since the judgment of the lower court is in accord with the views herein expressed it is affirmed.