# Vanhoose v. Brooks et al.

February 20, 1948.

R. Monroe Fields, Judge.

O. T. Hinton for appellant.

James W. Wine, Hobson & Scott, Edgar N. Venters and Hinton & Rice for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Did the substituted executor and trustee have power under the will of Myrtle L. Keyser, deceased, to sell and convey good title to the real estate involved?

By clause 5 of her will, Myrtle L. Keyser devised the residue of her estate to the First National Bank of Pikeville as trustee with directions to dispose of so much of the residue as might be necessary to satisfy the provisions of the first clause of her will, which was a provision for payment of indebtedness and burial expenses, and if a sufficient amount was not realized from this residue to sell a sufficient amount of the farm devised by clause 4 to satisfy any remaining indebtedness or obligations of her estate.

By the fourth clause of the will she devised the farm, of which the tract here involved is a part, to her son Charles M. Keyser, Jr., for life subject to certain conditions not herein involved.

By the sixth clause she provided as follows: "Sixth: I nominate and appoint The First National Bank of Pikeville, as executor of my estate, as well as trustee

aforesaid, and if said The First National Bank of Pikeville fails to qualify or resigns or is removed in either of such capacities, then all of the rights and powers entrusted to it under this will shall pass to and be vested in a trustee or a succeeding trustee, as the case may be, to be named by the Judge of the Pike Circuit Court of Pike County, Kentucky.''

The First National Bank of Pikeville declined to act either as executor or trustee. Thereupon, the son and granddaughter, as sole surviving heirs and devisees under the will, filed application for the appointment of an executor and trustee pursuant to the provisions of Item 6 above. Appellee, Sidney Trivette, was named as substitute executor and trustee.

After making the will above and before she died the testator made an inter vivos gift by deed in fee simple to her son of a part of the farm devised to him by clause 4 of the will above. After her death it developed that there was not sufficient residue of the estate, exclusive of the farm, part of which was deeded to her son and devised also in clause 4, to satisfy the proven indebtedness against the estate. It, therefore, became necessary to sell a portion of this farm for the purpose of satisfying the excess indebtedness. To satisfy this deficit the substituted executor-trustee and the son, Charles M. Keyser, Jr., agreed to sell the portion of the farm embraced in the deed from the testatrix to the son in conjunction with an adjacent tract. They agreed to apportion the net proceeds of the sale, the son agreeing to apply a sufficient amount out of his part of the net proceeds of the sale to satisfy any excess indebtedness of the estate. There is no complaint here about that apportionment. Through a real estate concern this property was sold to Freeland Vanhoose, appellant here, and the executor-trustee and son executed and delivered deed therefor.

It appears that this is a more or less friendly action instituted for the purpose of determining whether or not the substituted executor-trustee had power to sell and convey, and to determine as to whether or not the appellant obtained a good title. The action was instituted by Dorothy Ann Keyser Brooks, individually, and as next friend of her two infant children, under the declaratory

Judgment Act. Civil Code of Practice, sec. 639a-1 et seq. She sought a declaration of the rights of herself, as devisee in the remainder for life and of her two infant children and any unborn issue of her body as contingent devisees in the remainder of the fee with respect to all of the property devised by clause 4, and particularly to the portion sold to appellant.

The court rendered judgment confirming and approving the sale. Appellant prosecutes this appeal as purchaser of the property involved in order to test the correctness of the lower court's ruling and the validity of the sale thus approved.

It will thus be seen the primary question is: Did the substituted executor-trustee have the power to sell and convey a good title to the portion of the property belonging to the estate and embraced within the provisions of clause 4 of the will?

Appellant first calls our attention to Keel v. First National Bank, 271 Ky. 745, 113 S. W. 2d 33, 116 A. L. R. 151. He insists that the provisions of the will involved in that case are so nearly analogous to the provisions in the instant case that if the reasoning and conclusions of that opinion, and the application of the doctrine therein announced, are to be strictly followed, then the substituted executor-trustee had no power to sell and convey. In the Keel case the named representative was empowered to sell real estate under two circumstances, first, as "* * * he may deem necessary in order to procure sufficient money to enable him to provide for my beneficiary above named," or, second, "* * * if in his judgment it is to the best interest of the estate to sell any or all real estate * * *." Roy Keel had died prior to the sale and thus the first condition no longer existed. However, in administering the estate the named representative had exhausted the funds of the estate in providing for Roy Keel before his death, and after his death for his children as provided in the will, to such an extent that it became necessary to sell additional real estate to satisfy certain indebtedness and equalize the other beneficiaries named in the will. At the time the sale was made and the case above decided, the provisions of KRS 395.050(2), which provides in substance that all of the powers vested in an executor shall pass to a substituted

representative or administrator with the will annexed, were in full force and effect and had been for many years. Yet, we held: "As a general rule a power of selling real estate conferred by will upon a named executor is one of personal confidence, which cannot be exercised by an administrator with the will annexed."

Many of the earlier cases in this court, holding that the power to sell passed to a succeeding or substituted representative under the provisions of the statute, were differentiated and distinguished, and although the Keel case has been cited and discussed and the reasoning supporting it somewhat refined in later decisions, yet, the doctrine there announced, and the application of that doctrine to the facts of that case have not been modified or retracted.

In the early case of Haggin v. Straus, 148 Ky. 140, 146 S. W. 391, 395, 50 L. R. A., N. S., 642, which was distinguished in the Keel opinion, the court said: "It was the clearly expressed intention of the testator that he should have this power, but, in the absence of such declaration in the will itself, such authority to convey would, by necessary implication, follow his appointment and attach to the office."

In the later case of Penn v. Pennsylvania Company, et al., 294 Ky. 271, 171 S. W. 2d 437, 441, where land was devised together with other property in trust, the Bank of North America & Trust Company, a Pennsylvania bank, was named trustee with power of sale. This institution was later merged with the Pennsylvania Company, which qualified as trustee. The latter attempted to sell the Kentucky land under the power of sale contained in the will. The question presented was whether such powers could be exercised by the latter as surviving or substituted trustee. In answer to that question we said: "But whether the Pennsylvania Company is a surviving Trustee or a successor trustee appointed by the court, we think the present trustees may exercise the power of sale. In the absence of indication of personal trust and confidence of the testator in the persons named as trustees, successor trustees appointed by the court are, as a general rule, held to have authority to execute a power of sale conferred upon testamentary trustees."

The Penn case has been quoted and cited with approval and followed in the two later cases of Anderson v. Ratliff, 297 Ky. 42, 178 S. W. 2d 946, 948, and Tatman v. Cook's Adm'x, 302 Ky. 529, 195 S. W. 2d 72. In the Anderson case above the opinion cites, quotes and follows the Penn case, and again quotes from Restatement of the Law of Trusts, Vol. 1, Section 196, the following: "If it is not provided by the terms of the trust in specific words that powers conferred upon the trustee may be exercised by successor trustees, such powers can properly be exercised by successor trustees, unless the settlor manifested an intention that they should be exercised only by the trustee originally named."

In the Tatman case there appears to be even stronger evidence of the personal confidence reposed in the named trustee. There the testator named two individuals whom he designated as "my friends" and vested them with wide discretionary powers. Yet, we held that the powers thus entrusted to the named "friends" by the testator in the Tatman case passed to substituted representative. In an attempt to distinguish the Keel case on the ground that the beneficiary of the spendthrift trust was dead at the time of the attempted sale, the court said (302 Ky. 529, 195 S. W. 2d 74): "* * * That is the distinguishing feature between the Keel case and this case, and but for that distinction the Keel case would be controlling here."

The Keel case involved only the power to sell as deemed to the best interest of the estate. That power the court upheld to be personal and exclusive to the named trustee and not to have passed to a substituted representative. In holding that the power to sell did pass, in effect the court overruled the Keel case. Yet, by implication the Keel case is upheld.

It will be noted then that there is a variance in the rules announced. In the Keel case the power does not pass to a succeeding or substituted representative unless that intention is clearly expressed in the will. In the Penn case and the subsequent ones above cited, the power passes unless expressly prohibited by the will.

KRS 395.050(2) provides: "An administrator with the will annexed shall possess and exercise all power

and authority, have the same rights and interest and be responsible in like manner as the executors named in it."

This provision empowers the administrator with the will annexed to exercise all powers and authority which might be performed by the executor. But it might be added that the quoted section above gives to the administrator with the will annexed only such power as the executor had. Thus it will be seen that the power derived from the will passes under the statute above. It logically follows then that it requires an express prohibition or at least a declared intention in the instrument creating the power in order to prevent its passing. The rule in the Keel case that the power does not pass unless that intention is clearly expressed in the will, is in conflict with the above. We reaffirm and adopt the rule as laid down in the Penn case that the power passes unless there is an indication otherwise or express prohibition in the will. In so far as the Keel case conflicts herewith it is overruled.

The collateral question raised is whether or not a judgment in this case would be binding against the unborn and unknown heirs of Charles Keyser, Jr., Dorothy Ann Brooks or Myrtle Keyser. The answer may be found in Wayne v. Brumley, 190 Ky. 488, 227 S. W. 996, 998, in which we said: "In this state not only has the executor of a decedent the right to go into court and ask for the sale of the real estate of the testator for the purpose of paying debts and settling the estate, but the creditors themselves have that right. It cannot be that, because there may or may not be in the future additional remaindermen under the terms of a will, creditors are to be indefinitely postponed in the collection of their debts, and out of these considerations the wise rule has been adopted that remaindermen in existence who are representatives of a class will be considered as representing all of that class who may thereafter come into existence, and that such representative not then in esse is likewise bound by the judgment."

The judgment is affirmed.