## Mitchell et al. v. Powell et al.

April 28, 1950.

W. B. Ardery, Judge.

Colvin P. Rouse and Robert S. Hammond for appellant.

Matt T. Blackard for appellee.

JUDGE REES—Affirming.

Houston C. Powell died testate on April 23, 1945. In Item II of his will he gave his entire estate to his wife, Kitty Reed Powell, for life, and provided that upon her death the estate should be divided equally between her heirs at law and his heirs at law. Items III, IV and V of the will read:

"III.    Approximately one-third (1/3) of my entire estate is at this time invested in real estate. It is my will, and I hereby direct, that after my death such estate as I may own at the time of my death remain or be invested in real estate or Government bonds; that if it should appear necessary or be profitable to sell and dispose of any of the real estate now owned by me after my death, in that event I direct that the proceeds of said sale be re-invested in real estate or Government bonds or real estate mortgages, my purpose being that my estate shall always be invested in this manner, and remain intact during the life of my wife.

"IV.    I hereby appoint as co-executors of this, my last will and testament, my wife, Kitty Reed Powell, and Sam H. Powell, and direct that they not be directed to execute bond, and that they may use their own judgment in respect to an inventory of my estate.

"V.    I hereby authorize and empower my said executors to compromise, settle and adjust any debts or claims which may be presented against my estate, or which may be due to my estate, and to sell at private or public sale, in keeping with the directions given herein, any part of my estate and re-invest the proceeds of such sale, but in all such transactions said executors shall act jointly."

The testator owned at the time of his death an undivided one-half interest in 198½ acres of land located in

Woodford County, Kentucky. Sam H. Powell owned the remaining one-half interest. On October 9, 1949, Leslie Mitchell, Floyd Mitchell, Warren Mitchell and John T. Mitchell, Jr., doing business as Mitchell Brothers, made a written offer to purchase the entire tract of land for $59,550. The offer was accepted and the acceptance was signed: "H. C. Powell Estate by Mrs. H. C. Powell and S. H. Powell, co-executors Est. H. C. Powell Estate, S. H Powell." On January 12, 1950, a deed to the land signed and acknowledged by Kitty Reed Powell and Sam H. Powell, individually and as coexecutors of the estate and as administratrix and administrator, respectively, with the will annexed of Houston C. Powell, deceased, was tendered to Mitchell Brothers who refused to accept it on the ground that the grantors were without power and authority to convey a good and merchantable title to the decedent's interest in the land. Thereupon this declaratory judgment action was brought against Mitchell Brothers by Kitty Reed Powell and Sam H. Powell. individually and as coexecutors of the estate and as administratrix and administrator, respectively, with the will annexed of Houston C. Powell, deceased, in which the plaintiffs asked for a declaration of the rights of the parties and for judgment for $59,550 against the defendants. The Circuit Court adjudged that the plaintiffs had power and authority to convey a good and merchantable title to the land, and the defendants have appealed.

The case was submitted on the pleadings which consisted of a petition, an amended petition, an answer, a reply, and demurrers to the petition and answer. It appears from the pleadings that Kitty Reed Powell and Sam H. Powell qualified as executors under the will of Houston C. Powell, and in October, 1947, filed in the Woodford County Court what purported to be their final settlement of accounts. They asked that their report be accepted as their final settlement; that the same be audited and approved; and that an order be made discharging them from further liability by reason of their qualifications as executrix and executor. On October 29, 1947, the County Judge certified that he had examined the settlement and found it to be correct. On October 30, 1947, this order was entered in the Woodford County Court: "A report of the Final Settlement made with Kitty Reed Powell, Executrix, and S. H. Powell, Executor, of

the Estate of Houston C. Powell, deceased, having been returned and filed at the last term of said court, laid over and continued for exceptions and no exceptions having been taken thereto, the same was examined and approved by the Court and ordered to record."

On January 12, 1950, Kitty Reed Powell and Sam H. Powell qualified in the Woodford County Court as administratrix and administrator, respectively, with the will annexed of Houston C. Powell, deceased. It is appellants' contention that appellees were, in effect, discharged as coexecutors when their final settlement was examined and approved by the Woodford County Court and ordered to be recorded although no order was entered actually discharging them; that their powers to sell and convey the land terminated when their settlement was approved, and was not revived when they qualified as administratrix and administrator, respectively, with the will annexed. It is obvious from a reading of Item III of the will that the testator intended that his wife and Sam H. Powell, after they had completed their ministerial duties as executors, should continue to act as trustees though that word is not used in the will. He intended to empower them during the lifetime of his wife to sell and dispose of his real estate if a sale appeared to be necessary or profitable. Otherwise, the provisions of Item III could not be carried out. We could well rest our decision and affirm the judgment of the lower court on this ground, but, if it be conceded that the approval of appellees' final settlement as executors was equivalent to a resignation by each of them and terminated their power to sell, Heffner's Ex'r v. Beauchamp, 298 Ky. 570, 183 S. W. 2d 478, yet we are of the opinion that the power to sell passed to them as administrators with the will annexed. The testator made it clear in his will that he wanted his real estate sold during the lifetime of his wife if it should appear necessary or be profitable to sell it at any time during that period. There is nothing in the will manifesting an intention on the part of the testator that the power of sale should be exercised only by the particular individuals named executors. Moreover the question of personal confidence reposed by the testator in the executors named in the will passes out of the case since the administrators with the will annexed are the same persons who were appointed executors. KRS 395.050 (2) provides: "An administra-

tor with the will annexed shall possess and exercise all power and authority, have the same rights and interest and be responsible in like manner as the executors named in it."

In Vanhoose v. Brooks, 306 Ky. 639, 208 S. W. 2d 963, 9 A. L. R. 2d 1320, this statute was cited, and it was held that a power to sell real estate conferred upon an executor passes to an administrator with the will annexed, and that an express prohibition or at least a declared intention in the instrument creating the power is required to prevent its passing. The power of sale conferred upon the executors named by Houston C. Powell in his will is a continuing power and a sale pursuant to it, whether made by the executors or by substituted representatives, is binding on all interested parties, including the heirs at law of the testator and Kitty Reed Powell.

The judgment is affirmed.