Vada R. KEYSER, Appellant,

v.

Kitty Reed POWELL et al., etc., Appellees.

Court of Appeals of Kentucky.

Oct. 26, 1956.

J. Nathan Elliott, Jr., Lexington, for appellant.

Weldon Shouse, Lexington, for appellees.

SIMS, Judge.

This declaratory judgment action involves the construction of the will of H. C. Powell, who died April 23, 1945. The dispository clause gave his entire estate to his wife, Kitty Reed Powell, one of the appellees herein, for her life with the remainder to be divided equally between testator's heirs and her heirs, or whomever she should appoint.

The clauses of the will with which we are concerned read:

"III. Approximately one-third (⅓) of my entire estate is at this time invested in real estate. It is my will, and I hereby direct, that after my death such estate as I may own at the time of my death remain or be invested in real estate or Government bonds; that if it should appear necessary or be profitable to sell and dispose of any of the real estate now owned by me after my death, in that event I direct that the proceeds of said sale be re-invested in real estate or Government bonds or real estate mortgages, my purpose being that my estate shall always be invested in this manner, and remain intact during the life of my wife.

"V. I hereby authorize and empower my said executors to compromise, settle or adjust any debts or claims which may be presented against my estate, or which may be due to my estate, and to sell at private or public sale, in keeping with the directions given herein, any part of my estate and re-invest the proceeds of such sale, but in all such transactions said executors shall act jointly."

In Mitchell v. Powell, 312 Ky. 714, 229 S.W.2d 480, 482, which involved the construction of the will now before us, we adjudged appellees herein had authority under the will to sell certain real estate and that it was the intention of testator to empower these same appellees, during the lifetime of his wife, to sell and dispose of his real estate if a sale appeared to be necessary or profitable. It was there written:

"It is obvious from a reading of Item III of the will that the testator intended that his wife and Sam H. Powell, after they had completed their ministerial duties as executors, should continue to act

as trustees though that word is not used in the will. \* \*. \* we are of the opinion that the power to sell passed to them as administrators with the will annexed. The testator made it clear in his will that he wanted his real estate sold during the lifetime of his wife if it should appear necessary or be prof-, itable to sell it at any time during that period."

Under authority of Mitchell v. Powell, 312 Ky. 714, 229 S.W.2d 480, appellees here, Mrs. Kitty Reed Powell and Mr. Sam H. Powell, as administrators with the will annexed and as trustees, sold a farm in Woodford County and re-invested the estate's part of the proceeds in a house and lot in Lexington. In May, 1956, they made a contract, as administrators with the will annexed and as trustees, to sell this Lexington property to appellant for $19,500, but appellant refused to accept the deed claiming appellees could not convey a good and merchantable title. Appellees then brought this suit to force appellant to take the property and accept the deed. The lower court adjudged appellees had authority under the will to make the conveyance and this appeal followed.

■ Appellant rests her argument, that under the will appellees were without power to execute the conveyance, on Dunn v. Haley's Trustees, 302 Ky. 323, 194 S.W.2d 635. There, the will only authorized the trustees to sell personal property and to control, manage and deal with the estate and to sell realty only after the death of testator's widow and to make an immediate distribution of the estate. The will in the instant case clearly gives the trustees power to sell the real estate and re-invest the proceeds as provided in the will. It was so decided in Mitchell v. Powell, 312 Ky. 714, 229 S.W.2d 480.

In Owsley v. Eads' Trustee, 57 S.W. 225, 22 Ky.Law Rep. 355, the will had similar language to the one under consideration. We there said the power of sale given under the will was not exhausted by one sale and re-investment but could be exercised whenever it was to the interest of the beneficiaries to so do. In Vickers v. Vickers, 189 Ky. 323, 225 S.W.2d 44, in construing a will in which the language was more specific than the will before us as to what was to be done with the real estate bought with the proceeds of the first sale, we held the trustee had power to make a second sale and re-investment, when apparent that was testator's intention.

■ In the will before us testator expressly declared that his purpose in giving appellees power of sale with restrictions was to keep his estate invested in named kinds of property, but not in a specific property. The power of sale is to be exercised when it is necessary or profitable. There could be many contingencies which would make it necessary or profitable to sell the property in question. In the fifth clause of his will Mr. Powell also gave appellees power to sell "any part" of his estate and then re-invest the proceeds as he had directed. This obviously refers to any part of his estate which is used as the corpus of the trust, no matter when acquired.

■ Appellant also argues there has been no proof that this sale is necessary or profitable. Construing the will as a whole it is plain to us testator meant such sale could be made by his trustees when in their judgment it appeared to be necessary or profitable. No one has said that the sale in question was not to the best interest of testator's estate, or that this sale was not "necessary or profitable," therefore it must be presumed the trustees have used their best judgment as to whether it was necessary or profitable.

For the reasons given the judgment is affirmed.